# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| MICHAEL P. ALLEN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No.: 2:06CV879- MEF |
| | ) |
| BERTHA GORDON MOORE, et al., | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL & SUBSTITUTION

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 2679 (d) (2), *Michael P. Allen, et al., v. Bertha Gordon Moore, et al.,* Case No. CV 2005-2213 (Circuit Court of Montgomery County, Alabama), is hereby removed to this Court, and the United States is substituted as party defendant for Bertha Gordon Moore.  In support of this notice, the United States respectfully states as follows:

1.  Bertha G. Moore is a defendant in *Michael P. Allen, et al., Bertha Gordon Moore, et al.,* Case No. CV 2005-2213 (Circuit Court of Montgomery County, Alabama). The complaint alleges that on August 29, 2003, defendant Moore and plaintiffs were involved in an automobile accident on Interstate Sixty-Five.  Copies of all papers filed in the State court are filed with this Notice as Exhibit 1.

2.  Bertha G. Moore is executive secretary to Leura G. Canary, United States Attorney for the Middle District of Alabama.

3. Pursuant to 28 U.S.C. § 2679 (d) (2), Phyllis J. Pyles, Director, Torts Branch, Civil Division, United States Department of Justice has certified that Bertha G. Moore was acting within the scope of her federal office or employment at the time of the incident out of which plaintiffs' claims arise. *See* 28 C.F.R. § 15.4 (a) (2006) (delegating the Attorney General's certification authority to the Director, Torts Branch, Civil Division, United States Department of Justice). A copy of the Attorney General's scope-of-employment certification is filed with this Notice as Exhibit 2.

4. Removal to this Court has occurred by operation of law based upon the Attorney General's scope-of-employment certification. 28 U.S.C. § 2679(d)(2). The Attorney General's certification conclusively establishes removal jurisdiction in this Court. 28 U.S.C.§ 2679(d)(2); *Gutierrez De Martinez v. Lamagno*, 515 U.S. 417, 431 (1995).

5. Substitution of the United States as party defendant for Bertha G. Moore has occurred by operation of law, and this action shall proceed as an action against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 (b), 2671-2680. 28 U.S.C. § 2679 (d) (2).

WHEREFORE, pursuant to 28 U.S.C. § 2679 (d) (2), *Michael P. Allen, et al., Bertha Gordon Moore, et al.,* Case No. CV 2005-2213 (Circuit Court of Montgomery County, Alabama)(Shashy, W.) has been removed to this Court, and the United States has been substituted as party defendant for Bertha Gordon Moore.

2

Respectfully submitted this 28th day of September, 2006.

PETER D. KEISLER
Assistant Attorney General
Civil Division

PHYLLIS J. PYLES
Director, Torts Branch
Civil Division

GAIL K. JOHNSON
Trial Attorney, Torts Branch
Civil Division

CONOR KELLS
Trial Attorney, Torts Branch
Civil Division
U.S. Department of Justice
Benjamin Franklin Station
P.O. Box 888
Washington, D.C.  20044
(202) 616-4273
(202) 616-5200 (FAX)

LEURA G. CANARY
United States Attorney

By:

STEPHEN M. DOYLE
Chief, Civil Division
Assistant United States Attorney
Post Office Box 197
Montgomery, AL  36101-0197
District of Columbia Bar No. 422474
Telephone No.: (334) 223-7280
Facsimile No.: (334) 223-7418
E-mail:  **stephen.doyle@usdoj.gov**

Attorneys for Defendant
UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing Notice of

Removal & Substitution upon plaintiffs' attorney by mailing a copy of same, first class,

postage prepaid, addressed as follows:

> Annesley H. DeGaris, Esq.
> CORY, WATSON, CROWDER & DEGARIS, P.C.
> 2131 Magnolia Avenue, Suite 200
> Birmingham, AL 35205

Dated this 28th day of September, 2006.

Assistant United States Attorney

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

MICHAEL P. ALLEN, et al.,      )
                               )
      Plaintiffs,          )
                               )
VS.                            )    **CASE NO.: CV-05-2213**
                               )
BERTHA GORDON MOORE, et al.,   )
                               )
      Defendants.          )

2005 DEC -8 AH 10: 38

## <u>MOTION FOR STAY</u>

COME NOW the Plaintiffs in the above-styled cause, and move this Court for an Order staying this case in order to allow the Plaintiffs to conclude the administrative process under the Federal Tort Claims Act, and in support thereof, show as follows:

    1.    This case involves an automobile accident between the Plaintiffs Michael P. Allen, Lou Ellen Allen, and Lorie S. Allen and the defendant Bertha Moore.

    2.    This case arises out of the same occurrence as <u>Montgomery v. Moore</u>, CV-2005-2214.

    3.    At the time this accident occurred, Mrs. Moore was in the line and scope of her employment with the federal government as an employee of the U.S. Attorney's office.

    4.    A federal tort claim was filed on behalf of Michael P. Allen, Lou Ellen Allen, and Lorie S. Allen more than six months ago. However, the nature of the injuries required continued treatment after the filing of their claims.

    5.    Because Ms. Moore was in the line and scope of her employment at the time of the accident, this case will be removed to federal court under the Federal Tort Claims Act, should it not resolve administratively.

**DEFENDANT'S EXHIBIT**

CASE NO.

EXHIBIT NO. 1

6.    As a practical matter, these claims may well be resolved at the administrative level given a sufficient amount of time to process the claims. If stayed, the federal government will not be required or compelled to remove the case. In the event the claims are not resolved at the administrative level, a stay would allow the action to go forward upon removal to the federal court.

**WHEREFORE**, Plaintiffs respectfully move this Court to enter an Order staying this case until the administrative review relating to the Allens' federal tort claim is completed.

Respectfully submitted,

Annesley H. DeGaris (DEG002)
Attorney for Plaintiffs

OF COUNSEL:

CORY, WATSON, CROWDER & DEGARIS, P.C.
2131 Magnolia Avenue, Suite 200
Birmingham, Alabama 35205
Telephone: 205-328-2200
Facsimile: 205-324-7896

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading upon the following parties of record, by placing a copy of same in the United States mail, postage prepaid, on this the 7th day of December, 2005.

Bertha G. Moore
4731 Queensbury Court
Montgomery, AL 36116

Annesley H. DeGaris

# IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY ALABAMA

| | | |
|---|---|---|
| Michael P. Allen, et. al., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV-2005-2213 |
| | ) | |
| Bertha Gordon Moore et. al., | ) | |
| Defendant. | ) | |

2005 OCT 14 PM 2: 36

## ORDER

It is hereby **ORDERED** that this matter is set for a **JURY TRIAL** on **9/11/2006** at **9:00AM** in Courtroom **3-C** of the *Montgomery County Courthouse.*

**DONE** and **ORDERED** this October 14, 2005.

*William A. Shashy*

**WILLIAM A. SHASHY**
Circuit Judge

Annesley H. DeGaris
2131 Magnolia Avenue, Suite 200
Birmingham, AL 35205

Bertha Gordon Moore
4731 Queensbury Court
Montgomery, AL 36116









CERTIFIED MAIL

7002 0510 0004 2931 1939



Bertha Gordon Moore

4731 Queensbury Court

Montgomery, AL 36116



MELISSA RITTENOUR
CLERK AND REGISTER
CIRCUIT COURT, MONTGOMERY COUNTY
MONTGOMERY COUNTY COURTHOUSE
P. O. BOX 1667
MONTGOMERY, AL 36102-1667





WAS

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X         □ Agent<br>            □ Addressee |
| | B. Received by ( *Printed Name* )    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Bertha Gordon Moore<br>4731 Queensbury Court<br>Montgomery, AL 36116 | D. Is delivery address different from item 1? □ Yes<br>    If YES, enter delivery address below: □ No<br><br>      S &PC D1<br><br>   CN-05-2213 |
| | 3. Service Type<br>☒ Certified Mail    □ Express Mail<br>□ Registered    □ Return Receipt for Merchandise<br>□ Insured Mail    □ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee)    ☒ Yes |
| 2. Article Number<br>(Transfer from service i    7002 0510 0004 2931 1939    D66DB2 | |
| PS __ 3811, February 2004     Domestic Return Receipt     102595-02-M-1540 | |

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

MICHAEL P. ALLEN, LOU ELLEN )
ALLEN and, LORIE S. ALLEN, )
　　　　　　　　　　　　　　　　　　 )
　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　 )　　　　　　　　　CV-05-2213
v. )　　CIVIL ACTION No.:
　　　　　　　　　　　　　　　　　　 )
BERTHA GORDON MOORE; Fictitious Party Defendants, No. 1, whether singular or plural, Plaintiffs hereby intending to designate the driver of any motor vehicle whose negligence or wantonness proximately caused the Plaintiffs to be injured on the occasion made the basis of Plaintiffs' complaint; No. 2, whether singular or plural that individual or entity who or which owned and negligently and/or wantonly entrusted a motor vehicle to any driver whose negligence or wantonness proximately caused the Plaintiffs to be injured on the occasion made the basis of Plaintiffs' complaint; No. 3, whether singular or plural, that individual or entity who or which negligently and/or wantonly provided maintenance, repair, alteration and upkeep on any motor vehicle or equipment involved in the accident made the basis of Plaintiffs' complaint or that individual or entity, who or which was responsible for the defective condition of any vehicle involved in the accident made the basis of Plaintiffs' complaint; No. 4, whether singular or plural, that individual or entity who or which negligently and/or wantonly hired, trained or supervised the driver of any motor vehicle whose negligence or wantonness proximately caused the Plaintiffs to be injured on the occasion made the basis of Plaintiffs' complaint; No. 5, whether singular or plural, that individual or entity who or which was the master, principal or employer of the driver of any motor vehicle or that individual or entity for whom the driver of any motor vehicle was performing any type of service or duty whose negligence or wantonness proximately caused the Plaintiffs to be injured on the occasion made the basis of Plaintiffs' complaint; No. 6, whether singular or plural, that individual or entity whose breach of contract or warranty, negligence, wantonness and/or other wrongful conduct contributed to cause the accident made the basis of Plaintiffs' complaint; No. 7, whether singular or plural, that individual or entity who or which provided any insurance coverage, of whatever kind or character, to the Plaintiffs as an insured or beneficiary and/or to any of the named or Fictitious Party Defendants; No. 8, whether singular or plural, that individual or entity which is the successor in interest of any of the named or Fictitious Party Defendants; Plaintiffs aver that the identities of the Fictitious Party Defendants are otherwise unknown to the Plaintiffs at this time, their identities as proper Party Defendants are not known to Plaintiffs at this time but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained,
　　　　　　　　　　　　　　　　　　 )
　　　　　　Defendants. )



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Melissa Rittenour, Clerk
Circuit Court of Montgomery County
P.O. Box 1667
Montgomery, AL 36102-1667

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bertha Gordon Moore
4731 Queensbury Court
Montgomery, AL 3611

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery
B.R. A. Moore     10/31/05

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

Re-issue J+C
-2213     DI

3. Service Type
☒ Certified Mail     ☐ Express Mail
☐ Registered     ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
(Transfer from service)     7005 2380 0008 9136 3572

PS Form **3811**, February 2004     Domestic Return Receipt     102595-02-M-1540

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

MICHAEL P. ALLEN, LOU ELLEN ) 
ALLEN and, LORIE S. ALLEN, )
                              )
         **Plaintiffs,**      )
                              )
**v.**                      )     **CIVIL ACTION No.:** CV-05-2213
                              )

**BERTHA GORDON MOORE; Fictitious Party Defendants, No. 1,** whether singular or plural, Plaintiffs hereby intending to designate the driver of any motor vehicle whose negligence or wantonness proximately caused the Plaintiffs to be injured on the occasion made the basis of Plaintiffs' complaint; **No. 2,** whether singular or plural that individual or entity who or which owned and negligently and/or wantonly entrusted a motor vehicle to any driver whose negligence or wantonness proximately caused the Plaintiffs to be injured on the occasion made the basis of Plaintiffs' complaint; **No. 3,** whether singular or plural, that individual or entity who or which negligently and/or wantonly provided maintenance, repair, alteration and upkeep on any motor vehicle or equipment involved in the accident made the basis of Plaintiffs' complaint or that individual or entity, who or which was responsible for the defective condition of any vehicle involved in the accident made the basis of Plaintiffs' complaint; **No. 4,** whether singular or plural, that individual or entity who or which negligently and/or wantonly hired, trained or supervised the driver of any motor vehicle whose negligence or wantonness proximately caused the Plaintiffs to be injured on the occasion made the basis of Plaintiffs' complaint; **No. 5,** whether singular or plural, that individual or entity who or which was the master, principal or employer of the driver of any motor vehicle or that individual or entity for whom the driver of any motor vehicle was performing any type of service or duty whose negligence or wantonness proximately caused the Plaintiffs to be injured on the occasion made the basis of Plaintiffs' complaint; **No. 6,** whether singular or plural, that individual or entity whose breach of contract or warranty, negligence, wantonness and/or other wrongful conduct contributed to cause the accident made the basis of Plaintiffs' complaint; **No. 7,** whether singular or plural, that individual or entity who or which provided any insurance coverage, of whatever kind or character, to the Plaintiffs as an insured or beneficiary and/or to any of the named or Fictitious Party Defendants; **No. 8,** whether singular or plural, that individual or entity which is the successor in interest of any of the named or Fictitious Party Defendants; Plaintiffs aver that the identities of the Fictitious Party Defendants are otherwise unknown to the Plaintiffs at this time, their identities as proper Party Defendants are not known to Plaintiffs at this time but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained,
                              )
        **Defendants.**     )

1

## COMPLAINT

## PARTIES

1.      The Plaintiff, Michael P. Allen, is over the age of nineteen (19) years, and is a resident citizen of Pell City, St. Clair, Alabama.

2.      The Plaintiff, Lou Ellen Allen, is over the age of nineteen (19) years, and is a resident citizen of Pell City, St. Clair, Alabama.

3.      The Plaintiff, Lorie S. Allen, is over the age of nineteen (19) years, and is a resident citizen of Pell City, St. Clair, Alabama.

4.      Defendant, Bertha Gordon Moore is, upon information and belief, a resident of Montgomery County, Alabama and has been for all times mentioned herein.

5.      Fictitious Party Defendants, No. 1, whether singular or plural, Plaintiffs hereby intending to designate the driver of any motor vehicle whose negligence or wantonness proximately caused the Plaintiffs to be injured on the occasion made the basis of Plaintiffs' complaint; No. 2, whether singular or plural that individual or entity who or which owned and negligently and/or wantonly entrusted a motor vehicle to any driver whose negligence or wantonness proximately caused the Plaintiffs to be injured on the occasion made the basis of Plaintiffs' complaint; No. 3, whether singular or plural, that individual or entity who or which negligently and/or wantonly provided maintenance, repair, alteration and upkeep on any motor vehicle or equipment involved in the accident made the basis of Plaintiffs' complaint or that individual or entity, who or which was responsible for the defective condition of any vehicle involved in the accident made the basis of Plaintiffs' complaint; No. 4, whether singular or plural, that individual or entity who or which negligently and/or wantonly hired, trained or

2

supervised the driver of any motor vehicle whose negligence or wantonness proximately caused the Plaintiffs to be injured on the occasion made the basis of Plaintiffs' complaint; No. 5, whether singular or plural, that individual or entity who or which was the master, principal or employer of the driver of any motor vehicle or that individual or entity for whom the driver of any motor vehicle was performing any type of service or duty whose negligence or wantonness proximately caused the Plaintiffs to be injured on the occasion made the basis of Plaintiffs' complaint; No. 6, whether singular or plural, that individual or entity whose breach of contract or warranty, negligence, wantonness and/or other wrongful conduct contributed to cause the accident made the basis of Plaintiffs' complaint; No. 7, whether singular or plural, that individual or entity who or which provided any insurance coverage, of whatever kind or character, to the Plaintiffs as an insured or beneficiary and/or to any of the named or Fictitious Party Defendants; No. 8, whether singular or plural, that individual or entity which is the successor in interest of any of the named or Fictitious Party Defendants. Plaintiffs aver that the identities of the Fictitious Party Defendants are otherwise unknown to the Plaintiffs at this time, their identities as proper Party Defendants are not known to Plaintiffs at this time but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

6.    On or about the times alleged and at some time prior thereto, the above fictitiously described party defendants, whose identities are unknown, proximately caused or contributed to the plaintiffs' damages hereinafter described, either through negligent or wanton conduct, breach of contract or the application of other theories of liability available to the plaintiffs.

## FACTS

7.    Furthermore, on or about August 29, 2003, Plaintiffs Michael P. Allen, Lou Ellen Allen and Lorie S. Allen (hereinafter referred to as "Plaintiffs"), were traveling in a vehicle on Interstate Sixty-Five (I-65) near mile marker one hundred and five (105), at or near the Butler County Line and County Road 1220, and was involved in a collision with a motor vehicle being operated by the defendant, Bertha Gordon Moore.

## COUNT I

### (Negligence/Wantonness)

8.    Plaintiffs adopt and incorporate by reference all the foregoing language of this Complaint and further aver as follows:

9.    The Plaintiffs aver that on August 29, 2003, on Interstate Sixty-Five (I-65) near mile marker one hundred and five (105), at or near the Butler County Line and County Road 1220, the Defendant, Bertha Gordon Moore, and/or Fictitious Party Defendants Nos. 1 through 8, negligently, and/or wantonly, and/or unlawfully, operated a motor vehicle in such a manner as to cause such vehicle to collide with the vehicle of the Plaintiffs. As a result of such collision, and as a proximate result of the negligence and/or wantonness of said Defendant, Bertha Gordon Moore, the Plaintiffs was caused to be injured.

10.    The aforesaid wrongful negligent, and/or wanton conduct of the Defendant, Bertha Gordon Moore, and each of the Defendants, named fictitious, combined and concurred, and as a proximate consequence thereof, the Plaintiff, Michael P. Allen, suffered the following injuries and damages including, but not limited to:

a.    Head trauma;

4

b.      Facial, scalp and foot lacerations;

c.      Visual problems;

d.      Multiple contusions and bruising to his body, including chest, right rib cage, and right and left hip, wrists, right shoulder, head, and neck;

e.      Bilateral rotator cuff impingement tendonosis;

f.      Right knee pain and leg injuries;

g.      Mental anguish and emotional distress;

h.      Physical pain and discomfort;

i.      Loss of wages and income;

j.      Past and future medical expenses; and

k.      Permanent scarring.

11.     The aforesaid wrongful negligent, and/or wanton conduct of the Defendant, Bertha Gordon Moore, and each of the Defendants, named fictitious, combined and concurred, and as a proximate consequence thereof, the Plaintiff, Lou Ellen Allen, suffered the following injuries and damages, including but not limited to:

a.      Bruising and tenderness in both collar bones;

b.      Pain and tenderness in sternum;

c.      Abrasions and bruising right shoulder, across chest, left hip and across lower abdominal area

d.      Abdominal, shoulder, right arm injuries and leg injuries;

e.      Mid and lower back pain;

f.      Rib fractures;

g.      Mental anguish and emotional distress;

    h.      Physical pain and discomfort;

    i.      Loss of wages and income;

    j.      Past and future medical expenses; and

    k.      Permanent scarring.

    12.    The aforesaid wrongful negligent, and/or wanton conduct of the Defendant, Bertha Gordon Moore, and each of the Defendants, named fictitious, combined and concurred, and as a proximate consequence thereof, the Plaintiff, Lorie S. Allen, suffered the following injuries and damages, including but not limited to:

    a.      Head trauma;

    b.      Laceration on left eyebrow;

    c.      Neck, shoulder, arm and hand pain;

    d.      Severe bruising on breast, back, legs, upper and lower abdominal area and hips;

    e.      Mental anguish and emotional distress;

    f.      Physical pain and discomfort;

    g.      Loss of wages and income;

    h.      Past and future medical expenses; and

    i.      Permanent scarring.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Michael P. Allen, Lou Ellen Allen and Lori Suzanne Allen, demand judgment against the defendants, whether named or fictitiously described, for a reasonable sum of money based upon the facts and circumstances of this particular matter for compensatory and punitive damages, plus costs and interest, and such other and further relief to which they may be entitled.

## COUNT II

### (Loss of Consortium)

13.    The allegations of paragraphs 1 through 12 are incorporated herein the same as if set out in full.

14.    As a direct and proximate result of the negligent and/or willful/wantonness of the named and fictitiously described Defendants, Plaintiff, Michael P. Allen, was caused to lose the consortium and society of his spouse, Lou Ellen Allen.

15.    As a direct and proximate result of the negligent and/or willful/wantonness of the named and fictitiously described Defendants, Plaintiff, Lou Ellen Allen, was caused to lose the consortium and society of her spouse, Michael P. Allen.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Michael P. Allen and Lou Ellen Allen, demand judgment against the defendants, whether named or fictitiously described, for a reasonable sum of money based upon the facts and circumstances of this particular matter for compensatory and punitive damages, plus costs and interest, and such other and further relief to which they may be entitled.

## COUNT III

### Fictitious Parties

16.    All forgoing Counts and causes of action stated herein or contained in any subsequent amendment are hereby adopted and alleged against any fictitious party described in the caption and style of this or any Amended Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Michael P. Allen, Lou Ellen Allen and Lori Suzanne Allen, demand judgment against the defendants, whether named or fictitiously described, for a reasonable sum of money based upon the facts and circumstances of this particular matter for compensatory and punitive damages, plus costs and interest, and such other and further relief to which they may be entitled.

Annesley H. DeGaris (DEG002)
Attorney for Plaintiffs

**OF COUNSEL:**

CORY, WATSON, CROWDER & DEGARIS, P.C.
2131 Magnolia Avenue, Suite 200
Birmingham, Alabama 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896
adegaris@cwcd.com

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY.**

Annesley H. DeGaris (DEG002)
Attorney for Plaintiffs

**PLAINTIFFS' ADDRESS:**

c/o CORY, WATSON, CROWDER & DEGARIS, P.C.
2131 Magnolia Avenue, Suite 200
Birmingham, Alabama 35205

**SERVE DEFENDANT BY CERTIFIED MAIL**

Bertha Gordon Moore
4731 Queensbury Court
Montgomery, AL 36116

| State of Alabama<br>Unified Judicial System<br><br>Form ARCivP-93    Rev. 5/99 | **COVER SHEET**<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Case Number  CV-05-2213<br>**C V** ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐ ☐<br>Date of Filing:                    Judge Code:<br>☐☐  ☐☐  ☐☐☐☐<br>Month   Day      Year |
|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF** _____MONTGOMERY_____, **ALABAMA**
*(Name of County)*

MICHAEL P. ALLEN, LOU ELLEN ALLEN AND LORIE SUZANNE ALLEN v. BERTHA GORDON MOORE, ET AL

| **Plaintiff** | **Defendant** |
|---|---|

**First Plaintiff**  ☐ Business  ☑ Individual    **First Defendant**  ☐ Business  ☑ Individual
☐ Government  ☐ Other    ☐ Government  ☐ Other

**NATURE OF SUIT:  Select primary cause of action, by checking box *(check only one)* that best characterizes your action:**

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☒ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PROPERTY INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction/<br>Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** *(check one):*   F ☑ **INITIAL FILING**    A ☐ **APPEAL FROM**    C ☐ **OTHER:** _____
**DISTRICT COURT**
R ☐ **REMANDED**    T ☐ **TRANSFERRED FROM**
**OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES  ☐ NO    **Note:** Checking "Yes" **does not** constitute a demand for a
jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☐ **MONETARY AWARD REQUESTED**    ☑ *Specific* **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:**  |D|E|G|0|0|2|    8/26/05
Date                    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES  ☐ NO  ☐ UNDECIDED

# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

MICHAEL P. ALLEN, LOU ELLEN )
ALLEN and, LORIE S. ALLEN, )
                                         )
            Plaintiffs, )
                                           )
v.                                      )      CIVIL ACTION No.: CV-05-2213
                                           )

BERTHA GORDON MOORE; Fictitious Party Defendants, No. 1, whether singular or plural, Plaintiffs hereby intending to designate the driver of any motor vehicle whose negligence or wantonness proximately caused the Plaintiffs to be injured on the occasion made the basis of Plaintiffs' complaint; No. 2, whether singular or plural that individual or entity who or which owned and negligently and/or wantonly entrusted a motor vehicle to any driver whose negligence or wantonness proximately caused the Plaintiffs to be injured on the occasion made the basis of Plaintiffs' complaint; No. 3, whether singular or plural, that individual or entity who or which negligently and/or wantonly provided maintenance, repair, alteration and upkeep on any motor vehicle or equipment involved in the accident made the basis of Plaintiffs' complaint or that individual or entity, who or which was responsible for the defective condition of any vehicle involved in the accident made the basis of Plaintiffs' complaint; No. 4, whether singular or plural, that individual or entity who or which negligently and/or wantonly hired, trained or supervised the driver of any motor vehicle whose negligence or wantonness proximately caused the Plaintiffs to be injured on the occasion made the basis of Plaintiffs' complaint; No. 5, whether singular or plural, that individual or entity who or which was the master, principal or employer of the driver of any motor vehicle or that individual or entity for whom the driver of any motor vehicle was performing any type of service or duty whose negligence or wantonness proximately caused the Plaintiffs to be injured on the occasion made the basis of Plaintiffs' complaint; No. 6, whether singular or plural, that individual or entity whose breach of contract or warranty, negligence, wantonness and/or other wrongful conduct contributed to cause the accident made the basis of Plaintiffs' complaint; No. 7, whether singular or plural, that individual or entity who or which provided any insurance coverage, of whatever kind or character, to the Plaintiffs as an insured or beneficiary and/or to any of the named or Fictitious Party Defendants; No. 8, whether singular or plural, that individual or entity which is the successor in interest of any of the named or Fictitious Party Defendants; Plaintiffs aver that the identities of the Fictitious Party Defendants are otherwise unknown to the Plaintiffs at this time, their identities as proper Party Defendants are not known to Plaintiffs at this time but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained,

                                           )
            Defendants.                    )

## SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiffs' attorney pursuant to the Alabama Rules of Civil Procedure.

You are hereby commanded to serve this summons and a copy of the complaint in this action upon:

Serve:          **Bertha Gordon Moore**
                **4731 Queensbury Court**          D\
                **Montgomery, AL 36116**

## NOTICE TO DEFENDANT

The complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the complaint, to ANNESLEY H. DEGARIS, the lawyer for the Plaintiffs, whose address is: 2131 Magnolia Avenue; Suite 200; Birmingham, Alabama 35205.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must file the original of the Answer with the Clerk of this Court within a reasonable time afterward.

_____
Circuit Clerk

Dated: _____08/01/05_____

## RETURN OF SERVICE

Served on _____

on the _____

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To
Bertha Gordon Moore
Street, Apt. No.; or PO Box No.
4731 Queensbury Court
City, State, ZIP+4
Montgomery, AL 36116

PS Form 3800, January 2001          See Reverse for Instructions

7002 0510 0004 2931 3959



## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

MICHAEL P. ALLEN, LOU ELLEN ) 
ALLEN and, LORIE S. ALLEN, )
            )
            Plaintiffs, )
            )
v. )    CIVIL ACTION No.: CV-2005-2213
            )

BERTHA GORDON MOORE; Fictitious Party Defendants, No. 1, whether singular or plural, Plaintiffs hereby intending to designate the driver of any motor vehicle whose negligence or wantonness proximately caused the Plaintiffs to be injured on the occasion made the basis of Plaintiffs' complaint; No. 2, whether singular or plural that individual or entity who or which owned and negligently and/or wantonly entrusted a motor vehicle to any driver whose negligence or wantonness proximately caused the Plaintiffs to be injured on the occasion made the basis of Plaintiffs' complaint; No. 3, whether singular or plural, that individual or entity who or which negligently and/or wantonly provided maintenance, repair, alteration and upkeep on any motor vehicle or equipment involved in the accident made the basis of Plaintiffs' complaint or that individual or entity, who or which was responsible for the defective condition of any vehicle involved in the accident made the basis of Plaintiffs' complaint; No. 4, whether singular or plural, that individual or entity who or which negligently and/or wantonly hired, trained or supervised the driver of any motor vehicle whose negligence or wantonness proximately caused the Plaintiffs to be injured on the occasion made the basis of Plaintiffs' complaint; No. 5, whether singular or plural, that individual or entity who or which was the master, principal or employer of the driver of any motor vehicle or that individual or entity for whom the driver of any motor vehicle was performing any type of service or duty whose negligence or wantonness proximately caused the Plaintiffs to be injured on the occasion made the basis of Plaintiffs' complaint; No. 6, whether singular or plural, that individual or entity whose breach of contract or warranty, negligence, wantonness and/or other wrongful conduct contributed to cause the accident made the basis of Plaintiffs' complaint; No. 7, whether singular or plural, that individual or entity who or which provided any insurance coverage, of whatever kind or character, to the Plaintiffs as an insured or beneficiary and/or to any of the named or Fictitious Party Defendants; No. 8, whether singular or plural, that individual or entity which is the successor in interest of any of the named or Fictitious Party Defendants; Plaintiffs aver that the identities of the Fictitious Party Defendants are otherwise unknown to the Plaintiffs at this time, their identities as proper Party Defendants are not known to Plaintiffs at this time but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained,

                                       )
            Defendants. )

## ALIAS SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiffs' attorney pursuant to the Alabama Rules of Civil Procedure.

You are hereby commanded to serve this summons and a copy of the complaint in this action upon:

NOTICE TO:        **Bertha Gordon Moore**
                          **4731 Queensbury Court**
                          **Montgomery, AL 36116**

## NOTICE TO DEFENDANT

The complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the complaint, to ANNESLEY H. DEGARIS, the lawyer for the Plaintiffs, whose address is: 2131 Magnolia Avenue; Suite 200; Birmingham, Alabama 35205. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must file the original of the Answer with the Clerk of this Court within a reasonable time afterward.

Circuit Clerk

Dated: _10/24/05_

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7005 1160 0002 9136 3572

Sent To   Bertha Gordon Moore
Street, Apt. No.; or PO Box No.  4731 Queensbury Court
City, State, ZIP+4  Montgomery, AL 36116

PS Form 3800, June 2002      See Reverse for Instructions

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

MICHAEL P. ALLEN,         )
LOU ELLEN ALLEN, and    )
LORIE S. ALLEN,          )
                              )
           Plaintiffs,    )
                              )
           v.             )     Civil Action No.: _____
                              )
BERTHA MOORE, et al.,     )
                              )
           Defendants.    )

## CERTIFICATION OF SCOPE OF EMPLOYMENT

      I, Phyllis J. Pyles, Director, Torts Branch, Civil Division, United States Department of

Justice, acting pursuant to the provisions of 28 U.S.C. § 2679(d)(1), and by virtue of the authority

vested in me by the Appendix to 28 C.F.R. § 15.3 (Civil Division Directive No. 90-79), hereby

certify that I have read the Complaint in the above-captioned case.  On the basis of the

information now available with respect to the allegations contained therein, I hereby certify that

Bertha Moore was acting within the scope of her employment as an employee of the United

States at the time of the conduct alleged in the Complaint.

      Dated this _____ day of September, 2006.

                               _____
                               PHYLLIS J. PYLES
                               Director, Torts Branch
                               Civil Division



**DEFENDANT'S EXHIBIT**

CASE
NO.

EXHIBIT
NO. 2