IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL P. ALLEN, et al.,   ) | |
| ) | |
| Plaintiffs,   ) | |
| ) | |
| v.   ) | CIVIL ACTION NO.: CV 2:06-cv-879-WKW |
| ) | |
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Defendants.   ) | |

_____

| | |
|---|---|
| WALLACE MONTGOMERY, et al.,   ) | |
| ) | |
| Plaintiffs,   ) | |
| ) | |
| v.   ) | CIVIL ACTION NO.: CV 2:06-cv-880-WKW |
| ) | |
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Defendant.   ) | |

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on January 31, 2008, wherein the following proceedings were held and actions taken:

1.  PARTIES AND TRIAL COUNSEL:

    J. Callen Sparrow, Esquire
    *Attorney for the Montgomery Plaintiffs*

    Annesley H. DeGaris, Esquire
    *Attorney for the Allen Plaintiffs*

    Conor Kells, Esquire

Gail K. Johnson, Esquire
*Attorneys for the United States of America Defendant*

COUNSEL APPEARING AT PRETRIAL HEARING: J. Callen Sparrow, Annesley H. DeGaris, Conor Kells and Gail K. Johnson.

2.   JURISDICTION AND VENUE:

28 USC § 1346; 28 USC § 2671 et. seq.

3.   PLEADINGS:

Complaint, Answer, Pre-Trial Motion for a Ruling on the Applicability of the Sudden Emergency Doctrine, and any Motions in Limine which the parties may file in advance of trial.

4.   CONTENTIONS OF THE PARTIES:

(a)   The Plaintiff(s) – it is the contention of the plaintiffs that Bertha Moore, as an employee of the defendant while in the line and scope of her employment, was negligent and/or wanton in the operation and maintenance of her automobile. As a proximate consequence of said negligence and/or wantonness, the plaintiffs were injured when Ms. Moore's vehicle crossed the median on Interstate 65 striking the vehicles occupied by the plaintiffs. Plaintiffs' injuries are permanent.

(b)   The Defendant – the defendant denies that either it or its employee, Mrs. Bertha Moore, was negligent and/or wanton in the operation of her motor vehicle on August 29, 2003. The defendant further contends that its employee, Mrs. Moore, was faced with a sudden emergency when her left rear tire rapidly and suddenly deflated while driving on

Interstate 65 and her actions in responding to that sudden emergency were not negligent under Alabama's sudden emergency doctrine. The defendant also denies that any acts or omissions of its employee, Mrs. Moore, were the cause, proximate or otherwise, of the motor vehicle accident forming the basis of this litigation.

As to damages, the defendant contends that it is entitled to a set-off of any damages paid as the result of administrative claim settlements, as well as for any insurance payments made on behalf of the plaintiffs for medical treatment rendered. The defendant denies that all of the injuries claimed by the plaintiffs were sustained or related to the motor vehicle accident of August 29, 2003. The defendant further denies that all of the treatment rendered to the plaintiffs, as well as the associated costs and bills, were reasonable or necessary.

5.    STIPULATIONS BY AND BETWEEN THE PARTIES:

(a)    Bertha Moore was an employee of the United States of America and was in the line and scope of her employment at the time of the incident made the basis of this suit.

(b)    This wreck occurred on August 29, 2003, on Interstate 65 at or near mile marker No. 106.

(c)    Medical bills incurred by each of the plaintiffs for treatment at Evergreen Medical Center, where they were taken by ambulance immediately following the August 29, 2003 accident, were reasonable and necessary. The records from Evergreen Medical Center for treatment rendered from August 29 to August 30, 2003, have been properly authenticated.

(d)     Wallace Montgomery's medical records from Piedmont Hospital dated September 1, 2003 through September 6, 2003, are authentic.

It is ORDERED that:

1.     The trial of this case, which is to last for 3-4 days, is set for **February 25, 2008**, at 10:00 a.m. in Courtroom 2-E of the Frank M. Johnson, Jr., United States Courthouse Complex, One Church Street, Montgomery, Alabama.

2.     The parties shall file any motions in limine fully briefed **on or before February 18, 2008.**

3.     The parties are not required to file trial briefs, but if they choose to do so, the briefs shall be filed **on or before February 18, 2008.**

4.     The parties will be required to file post-trial briefs, which shall include proposed findings of fact and conclusions of law. Deadlines for post-trial briefs will be set at the conclusion of the trial.

5.     Each party shall submit at the time of trial, for use by the court, **four** copies of the witness list, exhibit list, and notebook of pre-marked exhibits.

6.     Each party shall submit a sufficient number of copies of exhibits for opposing counsel. The parties are encouraged to compile a single set of pre-marked exhibits rather than separate sets for each party.

7.     The parties shall review and comply with the Middle District of Alabama's Order on the E-Government Act.

8. All deadlines not otherwise affected by this order will remain as set forth in the scheduling orders (Doc. # 12 and # 19) entered by the court.

9. The parties have indicated that there are no other disputes at this time. All understandings, agreements, deadlines, and stipulations contained in this order shall be binding on all parties unless modified by the court.

DONE this 6th day of February, 2008.

        /s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE