**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL ALLEN, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06-cv-879-WKW** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

| | | |
|---|---|---|
| **WALLACE MONTGOMERY, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **V.** | ) | **Case No. 2:06-cv-880-WKW** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>MOTION TO FILE REPLY BRIEF</u>**

COME NOW, the Plaintiffs by and through their counsel of record, and respectfully move this Court to allow the Plaintiffs to file a response to the Defendant's Brief in Reply to the Plaintiffs' Joint Brief in Opposition to the Application of the Sudden Emergency Doctrine. As grounds therefore, Plaintiffs would show as follows:

1.      Plaintiffs respectfully move this Court for the opportunity to reply to the Government's Reply Brief as it relates to the pending matter of the Application of the Sudden Emergency Doctrine.

2.     In their reply brief, the Government mischaracterizes some matters which may be material to this Court's evaluation of the application of the doctrine and also attempts to inject incorrect statements regarding the current and past procedural history of this matter.

Plaintiffs' counsel respectfully request this Court allow the filing of a reply brief as attached hereto as Exhibit A.


/s/ Annesley H. DeGaris
Annesley H. DeGaris (ASB-9182-A63A)
CORY, WATSON, CROWDER & DEGARIS, P.C.
2131 Magnolia Avenue, Suite 200
Birmingham, Alabama 35205
Telephone:  205-328-2200
Facsimile:  205-324-7896
E-mail:  adegaris@cwcd.com
Attorney for the Allen Plaintiffs

/s/ J. Callen Sparrow
J. Callen Sparrow (ASB-4515-R79J)
Heninger Garrison Davis, LLC
Post Office Box 11310
Birmingham, AL 35202
Telephone:  (205) 326-3336
Facsimile:  (205) 326-3332
csparrow@hgdlawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of February, 2008, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties:

Conor Kells
Gail K. Johnson
Trial Attorney, Torts Branch
Civil Division
U.S. Department of Justice
Benjamin Franklin Station
Post Office Box 888
Washington, DC 20044

Attorney for Defendant
UNITED STATES OF AMERICA

Attorney for the Montgomery Plaintiffs


/s/ Annesley H. DeGaris
Annesley H. DeGaris

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL ALLEN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:06-cv-879-WKW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| WALLACE MONTGOMERY, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| V. ) | Case No. 2:06-cv-880-WKW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFFS' JOINT RESPONSE TO DEFENDANT, UNITED STATES OF AMERICA'S, BRIEF IN REPLY ON THE APPLICATION OF THE SUDDEN EMERGENCY DOCTRINE

COME NOW, the Plaintiffs in the above-styled action and reply to the Government's

Reply Brief concerning the Application of the Sudden Emergency Doctrine.  Plaintiffs file this

brief to correct misstatements by the Government in their aforementioned brief.

### A.    Affidavit of Robert Fisher

The Government attempts to criticize the Affidavit of Trooper Robert Fisher as being

produced to the Government "for the first time."  Trooper Robert Fisher's position that Mrs.

Moore was doing 83 mph at the time of this accident should be no surprise to the Government.

His name was at the bottom of the accident report concerning this incident and he was the

1

investigating officer who determined, based on witness interviews taken immediately following the accident, that Mrs. Moore's vehicle was traveling 83 mph. The Government's response should not be shocking, as this one fact is detrimental to their case in that it: (a)  shows negligence and even perhaps wantonness on behalf of Mrs. Moore, and (b) would completely defeat the application of the Sudden Emergency Doctrine. However, the Affidavit was only obtained by Plaintiffs on February 4, 2008, the very date of the filing of Plaintiffs' brief. Having knowledge of both Trooper Fisher and the accident report for years, the Government cannot now claim surprise.

## B.     Plaintiffs' spoliation of evidence claim is not frivolous.

Plaintiffs have argued that the Government should be precluded from raising the sudden emergency doctrine because of evidence that is necessary to rebut the claim of sudden emergency is no longer available. The fact that this evidence is no longer available is not disputed. However, the Government seems to imply that the Plaintiffs should have known about this evidence sooner than they did. This position ignores several facts in this case.

The most likely source of evidence of the tire's significance would have been from the State Trooper who investigated the incident, the accident report or the Government. State Trooper Robert Fisher was interviewed on numerous occasions he never mentioned that Mrs. Bertha Moore claimed a deflation of her tire. The accident report does not disclose that this accident involved a deflation. Finally, the Government in the years of dealing with Plaintiffs' counsel on this case, never disclosed the existence of the tire or its intention on claiming that the deflation of the tire played a role in this incident, even though directly central to this matter.

2

The existence of the tire was never disclosed to the Plaintiffs during the many years this case was pending as an Administrative Claim. For an extended period of time, Plaintiffs counsel negotiated with the Government in an attempt to resolve this matter. After being promised replies to their demands on numerous occasions, Plaintiffs' counsel, realizing the futility of dealing with the Government, filed their cases.

In the normal progression of litigation, an Answer was filed by the Government. Nowhere in the Government's Answer can be found any reference to or mention of a tire deflation or any "sudden emergency." Furthermore, in discovery served on the Government, Plaintiffs specifically asked how Bertha Moore claimed this accident happened. See Plaintiffs' Interrogatory No. 11 attached hereto as Exhibit A. Specifically, Interrogatory No. 11 stated: "Describe in your own words how the collision occurred and state specifically and in detail what the claim or contention of the Defendant will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which this contention is based." The Government responded with a form objection that provided no information related to the matters at issue. Generally, Interrogatories Nos. 12, 15, and 17, all seek information related to the cause or circumstances surrounding this accident. Each interrogatory was also met with "canned" objections. See Exhibit A.

In subsequent correspondence Plaintiffs' asked for the interrogatories and other paper discovery to be supplemented. At no time prior July 2007 did the Government disclose the existence of a tire upon which they now predicate the sudden emergency doctrine, which is its sole and entire defense to this case. Accordingly, the Government's righteous indignation of the Plaintiffs' raising the spoliation issue is misplaced.

3

Respectfully submitted this 8th day of February, 2008.

/s/ Annesley H. DeGaris
Annesley H. DeGaris (ASB-9182-A63A)
CORY, WATSON, CROWDER & DEGARIS, P.C.
2131 Magnolia Avenue, Suite 200
Birmingham, Alabama 35205
Telephone: 205-328-2200
Facsimile: 205-324-7896
E-mail: adegaris@cwcd.com
Attorney for the Allen Plaintiffs

/s/ J. Callen Sparrow
J. Callen Sparrow (ASB-4515-R79J)
Heninger Garrison Davis, LLC
Post Office Box 11310
Birmingham, AL 35202
Telephone: (205) 326-3336
Facsimile: (205) 326-3332
csparrow@hgdlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of February, 2008, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties:

Conor Kells
Gail K. Johnson
Trial Attorney, Torts Branch
Civil Division
U.S. Department of Justice
Benjamin Franklin Station
Post Office Box 888
Washington, DC 20044

Attorney for Defendant
UNITED STATES OF AMERICA

Attorney for the Montgomery Plaintiffs

/s/ Annesley H. DeGaris
Annesley H. DeGaris

# EXHIBIT A



RECEIVED
4·6·07

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MICHAEL ALLEN, et al.              )
                                   )
                    Plaintiffs,    )
                                   )
V.                                 )    Case No. 2:06-cv-879-WKW
                                   )
UNITED STATES OF AMERICA           )
                                   )
                    Defendant.     )

WALLACE MONTGOMERY, et al.         )
                                   )
                    Plaintiffs,    )
                                   )    Case No. 2:06-cv-880-WKW
V.                                 )
                                   )
UNITED STATES OF AMERICA,          )
                                   )
                    Defendant.     )

### DEFENDANT'S COMBINED RESPONSES TO
### PLAINTIFFS' COMBINED FIRST INTERROGATORIES

Defendant United States, by and through its undersigned counsel, hereby files its response

to Plaintiffs' Combined First Interrogatories, served on March 2, 2007.

### INTERROGATORY NO. 1:

State the full name, address, job title and present employer of each person answering

and assisting in answering these interrogatories on behalf of defendant.

### RESPONSE:

The names, addresses, job title, and present employer of those answering and assisting in

answering these interrogatories are: Conor Kells and Gail K. Johnson, Trial Attorneys for the

United States Department of Justice, Torts Branch, Civil Division, P.O. Box 888 Benjamin

Franklin Station, Washington D.C., 20044; and Mrs. Bertha Gordon Moore, Secretary for the

United States Attorney, Middle District of Alabama, One Court Square Suite 201 Montgomery,

Alabama 36104.

## INTERROGATORY NO. 2:

Has defendant been sued under his/its correct name? If not, please state the correct

name and explain your answer so that service may be properly obtained.

## RESPONSE:

The United States has properly substituted itself as the defendant pursuant to the Westfall

Act. See United States Notice of Removal and Substitution dated September 22, 2006.

## INTERROGATORY NO. 3:

State the name, address, telephone number and summary of knowledge of each person

including experts, having any knowledge of relevant facts relating to the incident which is

the basis of this lawsuit, the cause thereof, or damages resulting therefrom.

## RESPONSE:

The United States objects to this request since the burden of deriving or ascertaining the

answer to most of this interrogatory is substantially the same for Plaintiffs as for the defendant

United States. It further objects since this interrogatory seeks information already in the

plaintiffs' possession, namely documents they previously disclosed during the administrative

phase of the case and pursuant to Federal Rule of Civil Procedure 26(a). The Allens' documents

are attached to correspondence from Mr. Annesley DeGaris dated February 2, 2007; the

Montgomerys' documents are attached to correspondence from Mr. J. Callen Sparrow dated

February 20, 2007. Any expert witnesses will be disclosed to the plaintiffs as required under

Federal Rule of Civil Procedure 26(a)(2) and the Court's scheduling order dated December 21,

2006. Without waiving objection, the United States asserts that Bertha Moore may have

knowledge of relevant facts relating to the incident forming the basis in this lawsuit. Mrs.

Moore's address is provided in Response No. 1 above.

## INTERROGATORY NO. 4:

If you contend that a person, firm or corporation not a party to this action acted in

such a manner as to cause or contribute to the occurrence made basis of this action, give a

concise statement of the facts upon which you rely and identify such persons, firms or

corporations.

RESPONSE:

The United States is engaged in ongoing discovery as to this issue. Any information

discovered regarding persons, firms, or corporations that may have caused or contributed to the

occurrence that is the basis for this lawsuit will be disclosed to plaintiffs as necessary under the

Federal Rules of Civil Procedure and the Court's scheduling order dated December 21, 2006.

## INTERROGATORY NO. 5:

State the full and correct name and address of the person(s) or entity(s) who or

which owned or leased the vehicle operated by Bertha Gordon Moore on the date of the accident

made the basis of this lawsuit.

RESPONSE:

The vehicle was owned by Bertha Gordon Moore, whose address has been provided in

Response No. 1 above. Her husband, Lee Moore, co-owned the vehicle. He may be contacted

through the address listed for Bertha Moore, or at 4731 Queensbury Court, Montgomery,

-3-

Alabama. 36116.

## INTERROGATORY NO. 6:

Describe and produce any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgment that may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment by stating the name of the insurer and the policy limits.

### RESPONSE:

At this juncture, the United States is not aware of any insurance agreement under which an insurance business could be liable to satisfy part or all of any judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. If such an agreement is discovered, the United States will supplement this response pursuant to Federal Rule of Civil Procedure 26(e) and the Court's scheduling order dated December 21, 2006.

## INTERROGATORY NO. 7:

State in detail any intoxicating substance (drugs, beverages) if any, Bertha Gordon Moore had consumed and what drugs or medications, if any, she had taken during the 48-hour period immediately preceding the accident in question.

### RESPONSE:

The United States objects to this interrogatory as overbroad and vague as to the meaning of "intoxicating." According to Ms. Moore, the only medications that she had taken within the 48-hour period immediately preceding the August 29, 2003, accident were prescription medications Calan SR and HCTZ to treat high blood pressure.

-4-

**INTERROGATORY NO. 8:**

Describe any traffic citation Bertha Gordon Moore has received in the past five years, including this collision, by stating the name and location of the court involved, the violations of the law charged in that citation and the date, place and manner (i.e., type of plea, bail, forfeit, or trial) of disposition of the citation.

RESPONSE:

The United States objects to this interrogatory since it is irrelevant to the August 29, 2003, accident in question. As to the August 29, 2003 incident, and the only incident at issue in the lawsuit, no citation was issued. See Exhibit 8, Alabama Uniform Traffic Accident Report dated August 31, 2003, Unit 1, "Citation Offense Charged" section, highlighted in pink.

**INTERROGATORY NO. 9:**

Describe any criminal record Bertha Gordon Moore may have, including the nature of the charge, date and place of arrest and conviction, if any.

RESPONSE:

The United States objects to this interrogatory as being irrelevant to the facts and legal claims arising out of the August 29, 2003, automobile accident forming the basis of the plaintiffs' lawsuits. Without waiving its objection, the United States asserts that, to the best of its knowledge, Bertha Gordon Moore has no criminal record.

**INTERROGATORY NO. 10:**

Prior to the collision herein, had Bertha Gordon Moore ever been involved in any other collision. If so, describe fully.

-5-

RESPONSE:

The United States objects to this interrogatory as being overbroad and vague insofar as it requests any collision at any time in Mrs. Bertha Moore's life, including non-vehicular collisions. The United States further objects that the word "collision" is non-specific in its definition. Finally, the United States objects to this interrogatory since such information is not relevant to the plaintiffs' case. Without waiving its objections, to the best of her knowledge, Bertha Moore was involved in one other accident at an unknown date, likely in the year 2002. A car from a side street struck the car she was driving in a "T" fashion, causing damage to the passenger side door of her vehicle.

## INTERROGATORY NO. 11:

Describe in your own words how the collision occurred and state specifically and in detail what the claim or contention of the Defendant will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which this contention is based.

## RESPONSE:

The United States objects to the form of the interrogatory, as the clause "in your words" is overbroad and vague. The United States further asserts that it is conducting ongoing discovery as to causation and will disclose any claims or contentions in future filings or pleadings pursuant to the Federal Rules of Civil Procedure and the Court's scheduling order dated December 21, 2006. The United States will also make Ms. Bertha Moore, a non-party, available for a deposition.

-6-

**INTERROGATORY NO. 12:**

If you contend the plaintiffs or any other person contributed to the cause of this incident, include the factual basis for this contention.

RESPONSE:

The United States lacks sufficient knowledge to answer this interrogatory at this time. It will, however, supplement its answer after discovery, if necessary, as required by Federal Rule of Civil Procedure 26(e).

**INTERROGATORY NO. 13:**

State the speed of Bertha Gordon Moore's vehicle at all times material to the collision in question, including specifically your speed at 500 feet before impact, 200 feet before impact, and the time of impact. If brakes were on at the time of impact, please state the speed before applying your brakes.

RESPONSE:

The United States objects to this interrogatory as overbroad and vague since it requests information about "your" speed, and the United States did not have a speed. To the extent the question seeks the speed of Bertha Moore's vehicle prior to the August 29, 2003 accident, according to Mrs. Moore, she was driving at approximately 60-63 miles per hour just prior to the events that led to the collision. She has no recollection of the speed of her vehicle at 500 feet before impact, 200 feet before impact, or the time of impact. The United States will make Mrs. Moore, a non-party, available to the Plaintiffs for a deposition.

-7-

**INTERROGATORY NO. 14:**

State where Bertha Gordon Moore had been just before the collision, where she was going at the time of the collision and the purpose of the trip.

RESPONSE:

The United States objects to this interrogatory as overbroad and vague, since "before the collision" refers to an unspecified and indefinite span of time. Without waiving the objection, according to Mrs. Moore, she attended a law enforcement conference in Perdido Beach, Alabama, and she was returning to Montgomery, Alabama when the accident occurred.

**INTERROGATORY NO. 15:**

Did Bertha Gordon Moore divert her attention from the traffic ahead of her at any time prior to the point of impact? If so, state when and why. If not, state why the accident occurred.

RESPONSE:

The United States objects to this interrogatory as overbroad and vague, as "any time prior" encompasses an unspecified and indefinite amount of time and cannot be answered with any degree of specificity.

**INTERROGATORY NO. 16:**

Where was each vehicle involved in the accident located with reference to the point of impact when Bertha Gordon Moore first knew with reasonable certainty that there would be a collision?

RESPONSE:

The United States objects to this interrogatory as being overbroad and vague. According

-8-

to Mrs. Bertha Gordon Moore, she does not remember the location of each vehicle prior to the point of impact. Moreover, to the best of her recollection, she did not know what vehicles, other than her own, were involved until several days later. The United States will make Mrs. Moore available to the plaintiffs for a deposition.

## INTERROGATORY NO. 17:

What, if anything, was done by Bertha Gordon Moore in the operation of her vehicle in an attempt to avoid the collision?

## RESPONSE:

According to Bertha Gordon Moore, she does not recall what, if anything, she did to attempt to avoid the collision. The United States will make Bertha Moore available to the plaintiffs for a deposition.

## INTERROGATORY NO. 18:

Did Bertha Gordon Moore receive any injuries as a result of the collision? If so, state each injury received, the name of the treating physician, and the name of the hospital at which she was treated.

## RESPONSE:

The United States objects to the relevancy of Bertha Moore's injuries sustained during the accident, as her injuries are not at issue in this lawsuit. Without waiving its objection, Mrs. Moore suffered a broken pelvic bone, closed head trauma, a crushed diaphragm, a cracked tail bone, deep lacerations to her upper left arm, and various other cuts and bruises. The United States will also make Mrs. Moore available to the plaintiffs for a deposition.

**INTERROGATORY NO. 19:**

List the name of each person Bertha Gordon Moore spoke with following the collision and describe any conversations she had with said person.

RESPONSE:

The United States objects that this interrogatory is overbroad and vague, as it is impossible to discover each and every person with whom Mrs. Moore spoke following the collision, which would include every day since August 29, 2003.

**INTERROGATORY NO. 20:**

State whether Bertha Gordon Moore was acting within the course and scope of any agency, employment or service at the time of the collision and describe the type of relationship of the person(s) or entities involved.

RESPONSE:

The United States refers to its response to interrogatory 2, supra.

**INTERROGATORY NO. 21:**

State the name, address and qualification of each witness you expect to call as an expert witness at the trial of this case and the subject matter on which the expert expects to testify. Also, attach a copy of any report including factual observations and opinions that has been prepared by any such expert.

RESPONSE:

The United States objects to this interrogatory as premature. Any expert witnesses expected to testify will be disclosed to the plaintiffs as required under Federal Rule of Civil Procedure 26(a)(2) and the Court's scheduling order dated December 21, 2006.

**INTERROGATORY NO. 22:**

State the names and addresses of all persons who conducted any investigation for you of the occurrence made the basis of this action.

RESPONSE:

The United States objects to this question as being ambiguous and vague, as "investigation" is not defined, nor is the question specific as to "you." Moreover, the United States objects since this interrogatory might seek attorney work product.

**INTERROGATORY NO. 23:**

State if Bertha Gordon Moore has ever had a driver's license that contained restrictions of any sort. If so, state the name of the issuing state, the driver's license number and the restrictions.

RESPONSE:

The United States objects to this interrogatory as it is vague and overbroad, as "restrictions" are not defined. Without waiving its objection, the United States asserts that Mrs. Bertha Moore's license restricts her to operating cars or motorcycles. See Exhibit 1, Bertha Moore's Alabama Driver's License.

**INTERROGATORY NO. 24:**

State if Bertha Gordon Moore has ever had a driver's license suspended, cancelled or revoked. If so, state the state, driver's license number and reasons therefor.

RESPONSE:

According to Mrs. Bertha Gordon Moore, she has never, to the best of her knowledge, had a driver's license suspended, cancelled, or revoked in any state.

-11-

INTERROGATORY NO. 25:

Has Bertha Gordon Moore ever been afflicted with any ailments, diseases or health disorders involving the ocular system, auditory system, muscular system, nervous system or involving the heart or circulatory system? If so, state the dates each was treated and the names and addresses of the treating physicians.

RESPONSE:

The United States objects to this interrogatory as overbroad and vague since "health disorder" is not defined. Without waiving its objection, the United States asserts that, according to Mrs. Bertha Gordon Moore, she has not been afflicted with any ailments, diseases, or health disorders involving the ocular system, auditory system, muscular system, nervous system, or the heart or circulatory system. To the extent that high blood pressure is considered to be a "health disorder" of the circulatory system, Mrs. Moore has high blood pressure, for which she has received and continues to receive treatment. The name and address of her treating physician are: Dr. Myrtle Goore, 7209 Copperfield Dr., Montgomery, AL 36117.

**INTERROGATORY NO. 26:**

Has Bertha Gordon Moore ever been seen by any ophthalmologist, optometrist or oculist? If so, state when and by whom.

RESPONSE:

The United States objects to this interrogatory as being overbroad, vague, and burdensome, as it requires a recitation of each and every visit Bertha Moore has made to an ophthalmologist, optometrist, or oculist over her lifetime. The United States further objects to this interrogatory as irrelevant. Without waiving its objections, the United States asserts that

-12-

Mrs. Moore has seen eye doctors only for routine checkups at Montgomery Eye Physician, 2752 Zelda Road, Montgomery, AL 36106. Any records will be made available when received by the United States.

## INTERROGATORY NO. 27:

At the time of the accident, was Bertha Gordon Moore under the care of any doctor? If so, state the name of the doctor, his/her address and condition for which he/she was treating Bertha Gordon Moore.

### RESPONSE:

The United States objects to this interrogatory as vague and overbroad, as it requests "any" doctor, including those not relevant to this case, and does not define "under the care of." Without waiving its objection, Ms. Moore was taking blood pressure medications at the time of the accident. She has been treated for blood pressure for over 15 years by Dr. Myrtle Goore, 7209 Copperfield Dr., Montgomery, AL 36117.

## INTERROGATORY NO. 28:

Describe in detail what damage, if any, that was done to Bertha Gordon Moore's vehicle by the collision and give the cost of repair to the vehicle.

### RESPONSE:

The United States objects to this interrogatory as irrelevant to the facts and legal claims arising out the August 29, 2003 automobile accident forming the basis of the plaintiffs' lawsuits. Bertha Moore's losses are not at issue. However, according to Mrs. Moore, her vehicle was deemed a total loss.

-13-

INTERROGATORY NO. 29:

Describe any information you have indicating, or any reason you have to believe that there was any defect or failure on the part of any vehicle or equipment involved in the collision.

RESPONSE:

The United States objects to this interrogatory as overbroad and vague. The United States further objects that this interrogatory may seek attorney work product. Furthermore, the interrogatory is premature, as discovery is ongoing. Finally, any information concerning causation will be disclosed to plaintiffs as necessary under the Federal Rules of Civil Procedure and the Court's scheduling order dated December 21, 2006.

CONOR KILLS
Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
Post Office Box 888
Ben Franklin Station
Washington, DC 20044

Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of April 2007, this document was mailed by first-

class U.S. mail to the following parties:

Annesley H. DeGaris
Attorney for the Allen Plaintiffs
Cory, Watson, Crowder & DeGaris, P.C.
2131 Magnolia Avenue, Suite 200
Birmingham, Alabama 35205

J. Callen Sparrow
Attorney for the Montgomery Plaintiffs
Heninger Garrison Davis, L.L.C.
P.O. Box 11310 (35202)
2224 1st Avenue North
Birmingham, Alabama 35203

Conor Kells