IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MICHAEL ALLEN, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 2:06-cv-879-WKW |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |

| | |
|---|---|
| **WALLACE MONTGOMERY, et al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| V. ) | Case No. 2:06-cv-880-WKW |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |

### MOTION TO LIMIT DEFENDANT'S DESIGNATION OF KEITH WEAVER, M.D. AS AN EXPERT WITNESS AND TO EXCLUDE CERTAIN TESTIMONY OR EVIDENCE FROM THIS WITNESS

Pursuant to Rules 26(a)(2)(B) and 37(c)(1) of the Federal Rules of Civil Procedure, Plaintiffs Michael P. Allen, Lou Ellen Allen, and Lorie S. Allen ("the Allens") move the Court to exclude certain portions of the Defendant's expert, Keith Weaver, M.D. ("Dr. Weaver"), opinions and testimony on the following grounds:

1.  It is undisputed that the Government failed to timely file Dr. Weaver's expert report regarding his medical examinations and medical treatment received by the Allens, as required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure and by the deadline established under the Court's scheduling order.

1

2. The Government's expert designation, provided on October 18, 2007, asserts that "Dr. Weaver will be performing independent medical examinations and offering testimony about the plaintiffs' injuries, the cause of those injuries, their medical records and care following the accident, and their medical expenses." ("United States' Expert Designations" hereinafter "Exh. A".) The Government characterizes this designation as "provisional," "because the independent medical examinations have not yet been completed" and states that "[t]he report of Keith Weaver, M.D., will be forwarded upon completion." (Exh. A at 1.)

3. The "independent" medical examinations of Mike, Lou Ellen, and Lorie Allen were performed on November 20, 2007 (Lou Ellen and Lorie) and December 18, 2007 (Mike). Reports were signed by Dr. Weaver on November 26, 2007 (Lou Ellen and Lorie) and December 18, 2007 (Mike). Dr. Weaver's reports of the examinations were not served until January 9, 2008 and then only after inquiry by counsel. Plaintiffs do not now object to the expert designation or object to these initial reports. However, Plaintiffs do object to any testimony or opinions beyond the four corners of the initial "independent" medical examination reports.

4. Subsequently, on February 7, 2008, less than three weeks before trial, the Government served an additional, delinquent report from Dr. Weaver. This report is <u>not</u> a supplemental report. It is an entirely new report wherein Dr. Weaver admits the reasonableness and necessity of much of plaintiffs' treatment and also offers many new opinions not previously disclosed. There exist no reason said new report could not have been disclosed on October 18, 2007, the date Dr. Weaver was designated as an expert witness.

5. The "designation" of Dr. Weaver and the delinquent expert reports constitutes a transparent attempt to impermissibly extend the Court's deadline for the designation of experts, which must include the expert's report. Fed. R. Civ. P. 26(a)(2)(B); <u>see also</u> <u>Fedrick v.</u>

Mercedes-Benz, LLC, 366 F. Supp. 2d 1190, 1194 (N.D. Ga. 2005) (holding that "Rule 26 requires a party's expert witness disclosure to be accompanied by written report prepared and signed by the witness"); Shumaker v. West, 196 F.R.D. 454, 456 (S.D. W. Va. 2000) (asserting that "[b]y its own language, the Rule undisputedly requires that with respect to a witness who is retained or specially employed to provide expert testimony, the disclosure of that witness must include a report").

6. The Eleventh Circuit has asserted that "[e]ach witness must provide a written report containing 'a complete statement of all opinions to be expressed and the basis and reasons therefore' . . . ." Prieto v. Malgor, 361 F.3d 1313, 1317-18 (11th Cir. 2004) (quoting Rule 26(a)(2)(B) of the Federal Rules of Procedure) (emphasis added). Moreover, "[a]ny party that 'without substantial justification' fails to disclose this information is not permitted to use the evidence at trial 'unless such failure is harmless.'" Id. at 1318 (quoting Rule 37(c)(1) of the Federal Rules of Civil Procedure). Here, the Government cannot argue substantial justification as it has had the majority of the Allens' medical records since February of 2005.

7. Although the Allens do not now object to Dr. Weaver's designation, and do not now object to the belated reports of his "independent" medical examinations, the Allens object to the Government's untimely and unduly prejudicial attempt to disclose yet another report.

8. The new report is beyond the Court's scheduling order and the requirements of the Federal Rules which require the expert's report with the designation. By example, in Shumaker, the Court denied a defendant's similar attempt to make an "end run" around the disclosure deadline by attempting to schedule an independent medical examination shortly before that deadline expired. 196 F.R.D. at 456-57. Similar to this case, the defendant had access to the plaintiff[s]' medical records well before the defendant sought to engage the expert

and to schedule the independent medical examination.  Id.  Presumably, the defendant knew in advance of the examination's deadline.  Id.  The Court concluded that, "[t]o comply with the Rule, Defendant should have sought to obtain the medical examination . . . well before the . . . deadline."  Id.

9.   Thus, in the instant case, as in Shumaker, "[b]y at least [the date of the disclosure deadline], if he intended to use [the doctor] as an expert, Defendant was required under Rule 26 to have [the doctor's] report in hand and ready to turn over to the Plaintiff."  Id.  In light of this rule, the Court held that "Defendant's belated attempt to seek a Rule 35 examination days before his expert disclosures were due fails to comply with Rule 26 of the Federal Rules of Civil Procedure."  Id.  Accordingly, the Court denied the defendant's motion seeking to compel the independent medical examination.  Id.

10.  A similar holding is required here.  Because the Government fails to demonstrate that its untimely disclosure of Dr. Weaver's new expert report, one which disregards the Court's scheduling order, is justified to avoid its exclusion, the Government's new expert report must be excluded.  See Fedrick, 366 F. Supp. 2d at 1195.

11.  Again, this result is compelled as the Government has produced an additional expert report, less than three weeks prior to trial, currently scheduled for February 25, 2008.  Although the Government admits to most of the medical services provided by the Allens' medical providers as "medically reasonable and necessary for the diagnosis and treatment of their injuries," the Government attempts to add new opinions are due to be excluded.

4

12. As a result of the Government's untimely attempt to disclose a new, additional expert report, the Federal Rules of Civil Procedure, <u>Shumaker</u> and <u>Prieto</u> lead to the conclusion that Dr. Weaver's testimony should be strictly limited to the matters contained in his medical examination reports and his new report excluded in its entirety. <u>See</u> <u>Shumaker</u>, 196 F.R.D. at 456.

/s/ Annesley H. DeGaris
ANNESLEY H. DEGARIS
CORY, WATSON, CROWDER & DEGARIS, P.C.
2131 Magnolia Avenue, Suite 200
Birmingham, Alabama 35205
Telephone: 205-328-2200
Facsimile: 205-324-7896

Attorney for the Allen Plaintiffs

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 11th day of February, 2007, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties:

          Conor Kells
          Gail K. Johnson
          Trial Attorney, Torts Branch
          Civil Division
          U.S. Department of Justice
          Benjamin Franklin Station
          Post Office Box 888
          Washington, DC 20044

          Attorney for Defendant
          UNITED STATES OF AMERICA

          /s/ J. Callen Sparrow
          J. Callen Sparrow
          HENINGER GARRISON DAVIS, LLC
          Post Office Box 11310
          Birmingham, AL 35202
          Telephone: (205) 326-3336
          Facsimile: (205) 326-3332
          csparrow@hgdlawfirm.com

          Attorney for the Montgomery Plaintiffs

          /s/ Annesley H. DeGaris
          Annesley H. DeGaris

# EXHIBIT A

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL ALLEN, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 2:06-cv-879-WKW |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| WALLACE MONTGOMERY, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 2:06-cv-880-WKW |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' EXPERT DESIGNATIONS

The United States designates the following experts who may be called at the trial of this matter. The designation is provisional because the independent medical examinations have not yet been completed. The report of Keith Weaver, M.D. will be forwarded upon completion. In addition, these expert designations may be supplemented once discovery is complete, or, at the plaintiffs' option, when the experts are made available for depositions. Any opinions expressed during the experts' depositions should be deemed incorporated into this designation.

1. Ralph Cunningham
   Accident Reconstructionist
   Ralph Cunningham, Inc.
   1804 Thornhill Pass, S.E.
   Conyers, GA  30013

Mr. Cunningham is an ACTAR (Accident Commission for Traffic Accident Reconstruction) certified traffic accident reconstructionist with experience in conducting tire failure analysis. Mr. Cunningham will offer his expert opinions concerning the tire failure in this case and the sequence of events that caused the accident in this case. In particular, Mr. Cunningham will testify that this accident occurred after an object that had been lodged in the left rear tire, mounted a vehicle operated by federal employee Bertha Gordon Moore, suddenly dislodged, causing the rapid deflation of the tire at highway speeds. Mr. Cunningham will further testify that, while not all rapid tire deflations cause loss of vehicle control, they are substantially more likely to occur when the deflation occurs on a rear-axle tire. Mr. Cunningham will testify that the driver could not have foreseen the deflation, and that the deflation was the most likely cause of loss of vehicle control, not driver error. Mr. Cunningham's report, CV, fee schedule, and litigation history are attached as Attachment 1.

2. Keith Weaver, M.D.
   Birmingham Bone and Joint Surgeons, P.C.
   924 Fulton Ave., Southwest
   Birmingham, AL 35211

Dr. Keith Weaver is a private orthopaedist who previously served as the Chief of the Division of Orthopaedics at Cooper Green Hospital in Birmingham, Alabama. Dr. Weaver will be performing independent medical examinations and offering testimony about the plaintiffs' injuries, the causes of those injuries, their medical records and care following the accident, and their medical expenses.

//

//

Dr. Keith Weaver's CV, fee schedule, and litigation history are attached as Attachment 2.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
Civil Division

PHYLLIS J. PYLES
Director, Torts Branch
Civil Division

GAIL K. JOHNSON
Senior Trial Counsel, Torts Branch
Civil Division

CONOR KELLS
Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
Post Office Box 888
Benjamin Franklin Station
Washington, DC 20044
Tel: (202) 616-4273
Fax: (202) 616-5200

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of October 2007, this document was mailed by Federal Express mail to the following parties:

>Annesley H. DeGaris
>Attorney for the Allen Plaintiffs
>Cory, Watson, Crowder & DeGaris, P.C.
>2131 Magnolia Avenue, Suite 200
>Birmingham, Alabama  35205
>
>J. Callen Sparrow
>Attorney for the Montgomery Plaintiffs
>Heninger Garrison Davis, L.L.C.
>P.O. Box 11310 (35202)
>2224 1st Avenue North
>Birmingham, Alabama  35203

_____
Conor Kells