**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **MICHAEL ALLEN, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Case No. 2:06-cv-879-WKW** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |

| | |
|---|---|
| **WALLACE MONTGOMERY, et al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| V. ) | **Case No. 2:06-cv-880-WKW** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |

**PLAINTIFFS' OBJECTIONS TO DEFENDANT
UNITED STATES' WITNESS AND EXHBIT LIST**

In compliance with this Court's Scheduling Order in the above captioned matters, the Plaintiffs hereby object to the following witnesses and exhibits listed on Defendant's Witness and Exhibit List.

**OBJECTIONS TO TRIAL WITNESSES**

1.    As to the Allen Plaintiffs, they object to the designation and expert opinions of Keith Weaver, M.D., as more fully set forth in Plaintiffs' Motion to Limit Defendant's Designation of Keith Weaver, M.D. as an Expert and to Exclude Certain Testimony or Evidence from this witness filed contemporaneously herewith.

2. Plaintiffs jointly object to the Defendant's designation of "Any witness needed for the purpose of rebuttal or impeachment" to the extent that no such witness or witnesses have been identified by the Defendant.

## OBJECTIONS TO TRIAL EXHIBITS

<u>Objection as to Defendant's Exhibit #10, #11, #12, #13, #14, and #15</u>.   The Allen Plaintiffs object to the designation of Dr. Keith Weaver's reports on Michael Allen, Lou Ellen Allen and Lorie S. Allen's medical examination and reports, "post-accident treatment and medical expenses," as the later reports were not properly and timely filed as set forth in Plaintiffs' aforementioned and contemporaneously filed motion to limit and exclude.

<u>Objection as to Defendant's Exhibit #17, #18, and #19</u>.  Plaintiffs' jointly object to "Blue Cross/Blue Shield fee schedules for Alabama doctors," (#17);  "Medicare fee schedules for Alabama doctors," (#18); and "Any other applicable fee schedules for doctors practicing in Alabama." (#19).  The basis for these objections is that the aforementioned documents are irrelevant (402), unduly prejudicial (403), hearsay (802), and not properly authenticated (901). Plaintiffs further object to these offerings to the extent that none of the aforementioned documents were produced during the course of discovery or disclosed as a part of any expert designation or report.  Fed. R. Civ. Pro. 26, 37.

<u>Objections as to Defendant's Exhibit  #24, #25 and #26</u>.  Plaintiffs' object to "*Atlas of Regional Anesthesia,* Second Edition, by David L. Brown (c) 1999," (#24);  "*Neural Blockade in Clinical Anesthesia and Management of Pain,* Second Edition, edited by Michael J. Cousins and Phillip O. Bridenbaugh (c) 1988," (#25); and "*Meniscal Tear as an Osteoarthritis Risk Factor in a Largely Non-Osteorthritic Cohort:  A Cross-Sectional Study,* C. Ding, G. Jones, Journal of Rheumatology, 2007:34:4, pp. 776-84." (#26).   The Plaintiffs object to these documents on the

grounds that they are irrelevant (402), unduly prejudicial (403), hearsay (802), not properly authenticated (901), contain speculative information (601) and due to the fact that none of these documents have been produced during the course of the discovery or disclosed as a part of any expert designation or report in this matter. Fed. R. Civ. Proc. 26, 37. Plaintiffs reserve the right to further object to any such offerings consistent with the Federal Rules of Civil Procedure or Evidence.

<u>Objection as to Defendant's #27</u>. "X-Rays of Michael, Lou Ellen, and Lori Allen." Plaintiffs object to any x-rays of Michael Allen and Lou Ellen Allen to the extent these purported exhibits refer to x-rays taken by Dr. Keith Weaver. Plaintiffs object on the basis that the documents are not properly authenticated (901) and more importantly, due to the fact that they have not yet been produced to Plaintiffs after repeated request for said documents. Counsel for the Allen Plaintiffs agrees to review this objection should the x-rays be timely produced. Accordingly, Plaintiffs reserve the right to further object to any such offerings consistent with the Federal Rules of Civil Procedure or Evidence.

<u>Objection as to Defendant's #28</u>. The Plaintiffs object to "Blue Cross/Blue Shield list of number of suprascapular injections and intercostal nerve block performed by general internists in Alabama in the past two years." (#28) Plaintiffs object to this designation first and foremost due to the fact that this purported exhibit has not been produced in the course of this discovery or disclosed as a part of any expert designation or report. Fed. R. Civ. Pro. 26, 37. Plaintiffs also object to this document on the grounds that it is irrelevant (402), unduly prejudicial (403), hearsay (802), not properly authenticated (901), and may constitute legal opinion by lay witness (701). Furthermore, as this designation has not been identified with requisite certainty, Plaintiffs are unable to ascertain what, if any, additional portions would be objectionable or what, if any

additional objections would be appropriate.  Accordingly, Plaintiffs reserve the right to further object to any such offerings consistent with the Federal Rules of Civil Procedure or Evidence.

Objection as to Defendant's #29 and #30.  The Montgomery Plaintiffs file a conditional objection to "Any and all reports generated by a physician chosen by the Defendant (#29) and to all exhibits of said physician (#30) to the extent the documents have yet to be produced.  Said "independent" medical exam only took place on February 11, 2008.  For this reason, the Montgomery Plaintiffs reserve their right to further object to any such offering when made to the extent this evidence violates any Federal Rules of Civil Procedure or evidence.

Plaintiffs jointly reserve the right to supplement these objections and delete objections as necessary.

WHEREFORE, PREMISES CONSIDERED Plaintiffs request this Honorable Court to grant the objections to Defendant's Exhibit and Witness as discussed herein.

/s/ Annesley H. DeGaris
ANNESLEY H. DEGARIS
CORY, WATSON, CROWDER & DEGARIS, P.C.
2131 Magnolia Avenue, Suite 200
Birmingham, Alabama 35205
Telephone:  205-328-2200
Facsimile:  205-324-7896
adegaris@cwcd.com

Attorney for the Allen Plaintiffs


/s/ J. Callen Sparrow
J. Callen Sparrow
HENINGER GARRISON DAVIS, LLC
Post Office Box 11310
Birmingham, AL 35202
Telephone:  (205) 326-3336
Facsimile:  (205) 326-3332

Attorney for the Montgomery Plaintiffs

## CERTIFICATE OF SERVICE

    I hereby certify that on the 11th day of February, 2007, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties:

>Conor Kells
>Gail K. Johnson
>Trial Attorney, Torts Branch
>Civil Division
>U.S. Department of Justice
>Benjamin Franklin Station
>Post Office Box 888
>Washington, DC 20044
>
>Attorney for Defendant
>UNITED STATES OF AMERICA
>
>
>/s/ Annesley H. DeGaris
>Annesley H. DeGaris