IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL P. ALLEN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:06-cv-879-WKW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

_____

| | |
|---|---|
| WALLACE MONTGOMERY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:06-cv-880-WKW |
| ) | |
| UNITES STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

The trial in this case, involving an automobile accident allegedly caused by the negligent or wanton actions of a government employee, is set to commence in less than two weeks. The parties disagree about what the relevant standard of care is. Defendant United States of America ("the government") contends that the ordinary negligence standard does not apply because there was a sudden emergency. The court finds that the relevant standard of care cannot be established prior to trial because the standard of care depends on the

resolution of disputed factual issues.[1]

This case arises out of an automobile accident that occurred on August 29, 2003, on Interstate 65 near Evergreen, Alabama. Bertha Moore ("Moore"), an employee of the United States Attorney for the Middle District of Alabama, was driving northbound, returning to Montgomery after attending a law enforcement conference in Perdido Beach, Alabama. Moore claims that she was driving 65 miles per hour when she heard a loud bang and lost control of her car. (Moore Dep. 19:10-17.) She has no further recollection of the accident.

Plaintiffs Michael Allen, Lou Ellen Allen, and Lorie Allen (collectively, the "Allens") were driving southbound to Gulf Shores, Alabama. Plaintiffs Wallace and Phyllis Montgomery (collectively, the "Montgomerys") were also headed southbound to the gulf coast. After Moore lost control, her vehicle crossed the median and entered the southbound lanes, striking the car driven by the Allens. Moore's car then rotated and struck the vehicle of the Montgomerys. The plaintiffs contend that Moore was traveling over the speed limit at the time of the accident.

After the accident, analysis revealed that the left rear tire on Moore's car had rapidly deflated. How rapidly the tire deflated is disputed. Prior to the accident, a bolt or screw had fully penetrated the wall of the tire. While Moore was driving, the object came out of the tire, and then the tire deflated. The plaintiffs have presented expert testimony that Moore contributed to the accident by braking while the tire was deflating, travelling at an excessive

---

[1] In connection with the briefing of this issue, the plaintiffs filed a Motion to File Reply Brief (Doc. # 51). The motion is due to be granted, and the court deems the brief filed.

speed, and failing to maintain her tires properly.

On August 26, 2005, the Allens and Montgomerys each filed a complaint in state court against Moore claiming that she acted negligently or wantonly in causing the accident. On September 26, 2006, the government removed the case to federal court and certified that Moore was acting within the scope of her employment and substituted itself for Moore. Later, the court consolidated the two cases for trial. (Doc. # 33.)

The parties have asked the court to determine whether the ordinary negligence standard of care applies or whether it is modified by the sudden emergency doctrine. Under the sudden emergency doctrine, "a person faced with a sudden emergency calling for quick action is not held to the same correctness of judgment and action that would apply if he had had the time and opportunity to consider fully and choose the best means of escaping peril or preventing injury." *Dairyland Ins. Co. v. Jackson*, 566 So. 2d 723, 727 (Ala. 1990). For the sudden emergency doctrine to apply, "there must be 1) a sudden emergency; and 2) the sudden emergency must not be the fault of the one seeking to invoke the rule." *Friedlander v. Hall*, 514 So. 2d 914, 915 (Ala. 1987). Application of the sudden emergency doctrine is a question for the factfinder.[2] *Id.*

At this point, the court cannot determine if the sudden emergency doctrine applies

---

[2] The Alabama Supreme Court has questioned, and this court also wonders, whether the sudden emergency doctrine is necessary because the ordinary negligence standard "sufficiently covers what a reasonably prudent person would do under all the circumstances, including those of a sudden emergency." *Merritt v. Simonson*, 630 So. 2d 428, 430 (Ala. 1993) (internal quotation marks and citation omitted).

because it is a disputed issue of fact whether the rapid deflation of Moore's tire qualifies as a sudden emergency. The determination depends on the totality of the circumstances, including how long it took the tire to deflate, and whether the puncture, speed, equipment, and/or weather conditions caused Moore to lose control of her vehicle.

There is a disputed issue about whether Moore contributed to the emergency. There is evidence that Moore was speeding, including physical evidence from the scene of the crash and expert testimony. The government notes that a police report stating that Moore was traveling at 83 miles per hour is hearsay; however, even if that evidence is excluded, the other evidence creates a disputed issue of material fact about whether Moore contributed to the sudden emergency by speeding. At bottom, the application of the doctrine is not a question of law but of fact.

The plaintiffs also contend that the government should not be able to rely on the sudden emergency doctrine because of spoliation of evidence. The plaintiffs have not had access to the other wheels or the rest of the car – evidence that it claims is necessary to prove there was not a sudden emergency. The plaintiffs claim negligent spoliation of the evidence and admit that it was not intentional.

"[F]ederal law governs the imposition of spoliation sanctions." *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005). However, the Eleventh Circuit has recognized that the law in this circuit does not set forth guidelines and has instructed courts to apply the applicable state law. *Id*. The plaintiff claims that the Alabama Supreme Court

in *Vesta Fire Insurance Corp. v. Milam & Co. Construction*, 901 So. 2d 84 (Ala. 2004), recognized that a court can impose sanctions for the negligent spoliation of evidence. While the court in *Vesta* stated in *dicta* that there could be sanctions for the negligent spoliation of evidence, the court did not impose sanctions for negligent spoliation in that case. *Vesta*, 901 So. 2d at 98. Moreover, the plaintiffs did not identify, and the court is not otherwise aware of, any Alabama case imposing sanctions for the negligent spoliation of evidence. The court notes that it does not evaluate whether there was negligent spoliation of evidence here; instead, the court finds that even if there were evidence of negligent spoliation, it would decline the plaintiffs' invitation to impose sanctions against the defendant at this juncture.

The court concludes that the determination of whether the sudden emergency doctrine applies and changes the standard of care depends on the evaluation of facts to be presented at trial and cannot be resolved at this time. Accordingly, it is ORDERED that:

1. The court cannot determine at this time whether the standard of care is modified by the sudden emergency doctrine;

2. Plaintiffs' Motion to File a Reply Brief (Doc. # 51) is GRANTED, and the brief is deemed filed;

3. The parties shall contact Magistrate Judge Wallace Capel, Jr., about resuming mediation **on or before February 15, 2008**.

Done this 13th day of February, 2008.

                            /s/ W. Keith Watkins
                            UNITED STATES DISTRICT JUDGE