IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MICHAEL ALLEN, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 2:06-cv-879-WKW |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |

| | |
|---|---|
| **WALLACE MONTGOMERY, et al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| V. ) | Case No. 2:06-cv-880-WKW |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT UNITED STATES'
MOTION IN LIMINE TO EXCLUDE TESTIMONY OR REFERENCE TO THE
ALABAMA UNIFORM TRAFFIC REPORT'S 83 M.P.H. ESTIMATE OF MRS.
MOORE'S SPEED**

The United States incorrectly asserts that the portion of the accident report reflecting the investigating officer's conclusion as to Moore's speed is inadmissible, claiming that the report is "admissible evidence" only as to what the officer "physically observed pursuant to his duties as a police officer." United States' Motion in Limine at 2. This is an untenable contention under Fed. R. Evid. 803(8).

First, it should be noted that the United States included the accident report on its own Exhibit List; given this fact, the plaintiffs submit that the United States has therefore waived any objections to its admissibility.

Even if objections to the report have not been waived, conclusions in public reports are not--nor can they be--limited to matters "personally observed" by the report's preparer under Rule 803(8):

> A public official usually does not have personal knowledge of all the facts reported in an investigative report. An official who investigates the cause of a car accident . . . is not likely to have personal knowledge about how the cars looked and sounded at the time of the accident. Often the official must rely on information from bystanders and others with personal knowledge pertinent to the investigation. The question is whether this reliance renders the official's factual findings and opinions untrustworthy.
>
> * * *
>
> Yet it is fair to state that most Courts have considered the multiple hearsay problems somewhat flexibly under Rule 803(8), given the strong presumption that public reports are reliable. Thus, if the Court finds that the person with firsthand knowledge had no reason under the circumstances to misrepresent information to the public official, the report will probably be found admissible—even though there was, strictly speaking, no duty to report to the public agency or means of verification, and even though no specific hearsay exception or non-hearsay use is applicable.

4 S. Saltzburg, M. Martin & D. Capra, Federal Rules of Evidence Manual § 803.02[9][g], pp. 803-64 through -66 (9th ed. 2006). See Guess v. United States, 952 F. Supp. 1529, 1533, 1534 n.8 (M.D. Ala. 1996)(holding, in a case also arising under the Federal Tort Claims Act, that a report prepared by the Air Force's Office of Special Investigations into allegations that a medical technician had surreptitiously injected patients with dangerous drugs was either "not hearsay within the meaning of . . . [the] *Federal Rules of Evidence*, or . . . falls within the hearsay exception set out in Rule 803(8)(C)," despite the fact that

the report's preparers based their conclusions, in part, on interviews of expert doctors who were contacted in the course of the investigation).

As such, the report--including its conclusions as to speed--is admissible over any hearsay objection, and the Court is free to weigh that evidence according to the Court's assessment of its probative value, including the extent to which that evidence supports other evidence that Moore was speeding at the time of the accident.

Respectfully submitted this 18th day of February, 2008.

/s/ Annesley H. DeGaris
Annesley H. DeGaris (ASB-9182-A63A)
CORY, WATSON, CROWDER & DEGARIS, P.C.
2131 Magnolia Avenue, Suite 200
Birmingham, Alabama 35205
Telephone:  205-328-2200
Facsimile:  205-324-7896

Attorney for the Allen Plaintiffs

/s/ J. Callen Sparrow
J. Callen Sparrow (ASB-4515-R79J)
HENINGER GARRISON DAVIS, LLC
Post Office Box 11310
Birmingham, AL 35202
Telephone:  (205) 326-3336
Facsimile:  (205) 326-3332
csparrow@hgdlawfirm.com

Attorney for the Montgomery Plaintiffs

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 18th day of February, 2007, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties:

Conor Kells
Gail K. Johnson
Trial Attorney, Torts Branch
Civil Division
U.S. Department of Justice
Benjamin Franklin Station
Post Office Box 888
Washington, DC 20044

Attorney for Defendant, UNITED STATES OF AMERICA

                                      /s/ Annesley H. DeGaris
                                      Annesley H. DeGaris