IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL ALLEN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:06-cv-879-WKW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| | |
| WALLACE MONTGOMERY, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| V. ) | Case No. 2:06-cv-880-WKW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' REPLY TO DEFENDANT UNITED STATES'
RESPONSE TO PLAINTIFFS' MOTION TO LIMIT AND EXCLUDE TESTIMONY
AND EVIDENCE FROM DEFENDANT'S EXPERT, DR. KEITH WEAVER**

COME NOW, the Plaintiffs Michael P. Allen, Lou Ellen Allen, and Lorie S. Allen ("the Allens") and reply to the Government's response to Plaintiffs' motion to exclude testimony and or evidence by Defendant's expert, Dr. Keith Weaver.

**I.    Dr. Weaver's Untimely Reports**

The matter currently before the Court involves two separate and expert reports of Dr. Keith Weaver. The Plaintiffs have objected to one report and not the other. The Government's expert designation, mailed on October 18, 2007, asserts that "Dr. Weaver will be performing independent medical examinations and offering testimony about the plaintiffs' injuries, the cause

1

of those injuries, their medical records and care following the accident, and their medical expenses." It characterizes this designation as "provisional," "because the independent medical examinations have not yet been completed" and states that "[t]he report of Keith Weaver, M.D., will be forwarded upon completion."

In its reply, the Government does not dispute its failure to timely file Dr. Weaver's expert report as required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure and by the deadline established under the Court's scheduling order. The Government also correctly notes that the Allens have not objected to the untimely "independent" medical examination or the three reports of those IMEs. The Allens have not objected to the reports even though the exams were performed on November 20, 2007 (Lou Ellen and Lori) and December 18, 2007 (Mike) and the reports were signed by Dr. Weaver on November 26, 2007 (Lou Ellen and Lorie) and December 18, 2007 (Mike) but not served until January 9, 2008. What the Allens do object to is portions of the entirely new report delivered on February 7, 2008. This report is <u>not</u> a supplemental report. Dr. Weaver himself refers to the report as "additional opinions." In this new report Dr. Weaver admits the reasonableness and necessity of much of plaintiffs' treatment and also offers many new opinions regarding the treatment by Drs. Campbell and Cain, not previously disclosed. Furthermore, the objections to Dr. Weaver's new report should not come as a shock to the Government as in almost every piece of correspondence wherein Dr. Weaver is mentioned, Plaintiffs' counsel repeats that all "rights to object are reserved." (See Multiple Correspondence, Exhibit A)

2

## II. The Revised Scheduling Order

The Government spends a great deal of time discussing the fact that this court entered a revised scheduling order extending the time for discovery including the time for the disclosure of experts. However the government fails to mention that even under the revised scheduling order, it did not timely disclose Dr. Weaver's expert opinions. In fact, the record is clear that Dr. Weaver's opinions were not disclosed until weeks after the Government had these opinions in its possession. Also, the Government does not mention that the belated disclosure of the tire which has become such an important part of this case did not occur until June of 2007. Once this piece of evidence was disclosed, the modification of the scheduling order was a necessity. The motives of the Government were not completely benevolent in this regard.

## III. The government had records and letters from both Dr. Campbell and Dr. Cain clearly setting forth both their diagnosis and treatment of Plaintiffs' injuries since 2005.

The Government seems to suggest that Dr. Weaver needed additional information regarding the medical treatment of the Plaintiffs before he could formulate his opinions. In stating this, the government ignores several facts. First, if the medical records that the Government has had since 2005 were not sufficient for Dr. Weaver to form his opinions it could have scheduled the depositions of any of Plaintiffs' treating physicians that were necessary. Secondly, the treatment which the Government seems most interested in is that of Dr. Cain and Dr. Campbell. The Government had detailed letters discussing prognosis and treatment from both of these physicians that were drafted at Plaintiffs' counsel's request to help the Government evaluate these cases for settlement. The Government was in possession of these letters since 2005. Thirdly, both the depositions were scheduled of Drs. Cain and Campbell during the time allowed for the completion of discovery. Dr. Campbell's deposition was begun in November

and even though it has lasted three sessions and over 10 hours of testimony, it is not yet complete. As to Dr. Cain, his deposition was also scheduled before the discovery cutoff but had to be rescheduled after counsel for both parties and the court reporter waited approximately an hour and a half for the doctor while he was attending patients. Fourthly, in scheduling all of the medical depositions, Plaintiffs' counsel has tried to be accommodating to defense counsel considering that every deposition requires the Government's counsel to travel from Washington, DC. Finally, the transparency of the Government's argument regarding the necessity of additional information for Dr. Weaver to complete his report is seen in the fact that the reports, although belated, were issued without this information. Accordingly, the Government cannot claim that Dr. Weaver's lack of information played a role in his and their delinquent production of the reports.

### IV.    "The Plaintiffs want to have their cake and eat it too." Yes, and in this "cake" they should.

Lastly, the Government replies that Plaintiffs should not be allowed to both assert portions of Dr. Weaver's new report where he admits to the reasonableness and necessity of the majority of Plaintiffs' medical treatment and at the same time object the portions that are critical of treatment by Dr. Cain of the Alabama Sports Medicine Institute and Dr. Campbell, Plaintiffs' primary treating physician. The one thing that the Government overlooks in making this argument is Plaintiffs' Request for Admissions, wherein it was asked that the Defendant admit the reasonableness and necessity of <u>each</u> Plaintiffs medical treatment. If the Government, through its continuing duty to respond and supplement its responses to the Request for Admissions, now can admit to the reasonableness and necessity of most of Plaintiffs' medical treatment, then it should do so. The purpose of Rule 36(a) is to "narrow the issues for trial to those which are genuinely contested." <u>United Coal Cos. V. Powell Constr. Co.</u>, 839 F.3d 958,

4

967 (3rd Cir. 1988). Whether or not this admission comes in the form of supplementing their responses to Plaintiffs' Request for Admission as to this issue or if this material is admitted in the report of Dr. Weaver is immaterial, it narrows the issues which are genuinely contested.

        Respectfully submitted,

/s/ Annesley H. DeGaris
Annesley H. DeGaris (ASB-9182-A63A)
CORY, WATSON, CROWDER & DEGARIS, P.C.
2131 Magnolia Avenue, Suite 200
Birmingham, Alabama 35205
Telephone: 205-328-2200
Facsimile: 205-324-7896

Attorney for the Allen Plaintiffs

/s/ J. Callen Sparrow
J. Callen Sparrow (ASB-4515-R79J)
HENINGER GARRISON DAVIS, LLC
Post Office Box 11310
Birmingham, AL 35202
Telephone: (205) 326-3336
Facsimile: (205) 326-3332
csparrow@hgdlawfirm.com

Attorney for the Montgomery Plaintiffs

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 18th day of February, 2008, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties:

Conor Kells
Gail K. Johnson
Trial Attorney, Torts Branch
Civil Division
U.S. Department of Justice
Benjamin Franklin Station
Post Office Box 888
Washington, DC 20044

Attorney for Defendant, UNITED STATES OF AMERICA


              /s/ Annesley H. DeGaris
              Annesley H. DeGaris

# EXHIBIT A



Annesley H. DeGaris
(205) 271-7104
(205) 324-7896 (fax)
adegaris@cwcd.com

February 11, 2008

<u>FACSIMILE: (202) 616-5200</u>

Conor Kells, Esquire
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, DC 20044

    RE:  *Allen v. United States*, Civil Action No.: 06-cv-879-WKW
           *Montgomery v. United States*, Civil Action No.: 06-cv-880-WKW

Dear Conor:

    In light of Dr. Weaver's new report which was delivered to me on February 8, 2008, and to which I reserve all objections, I am requesting that you please supplement your responses to our Request for Admissions in regard to Mike Allen, Lou Ellen and Lori Allen. Specifically, Request for Admission Nos. 11, 12, 13, 14, 15, and 16.

    In our conversation this morning you also indicated that you could be available for your cross-examination of Dr. Campbell on Thursday morning or Friday any time. I will do my best to get a commitment from him as quickly as possible to assist you in making your travel plans.

    Lastly, I will meet with Callen to try and set up a time at the end of the week that we can all work together in putting together a joint exhibit binder.

                                              Yours sincerely,

                                            Annesley H. DeGaris
                                            (ELECTRONICALLY SIGNED TO AVOID DELAY)

AHD/jws
cc:    Callen Sparrow (via fax 205-326-3332)
       Gail Johnson (via fax 202-616-5200)



Annesley H. DeGaris
(205) 271-7104
(205) 324-7896 (fax)
adegaris@cwcd.com

February 11, 2008

<u>FACSIMILE: (202) 616-5200</u>

Conor Kells, Esquire
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, DC 20044

    RE:   *Allen v. United States*, Civil Action No.: 06-cv-879-WKW
             *Montgomery v. United States*, Civil Action No.: 06-cv-880-WKW

Dear Conor:

    I am writing in response to your letter of February 7, 2008. As you are aware, I have repeatedly made requests for Dr. Weaver's x-rays, a deposition date and a copy of this "new" report without waiving any relevant objections I might have. I still do not have the x-rays in question. Also, I cannot agree to a new expert report filed just over two weeks prior to trial.

    As far as the deposition of Dr. Campbell, I have contacted Dr. Campbell's office to arrange for you to complete your cross-examination. When I have information regarding this, I will contact you.

    Lastly, Callen and I will both work with you in putting together a joint exhibit binder. Perhaps we can talk early later this week about how to proceed in regards to this matter.

                              Yours sincerely,

                              Annesley H. DeGaris

AHD/jws
cc:    Callen Sparrow (via fax 205-326-3332)
        Gail Johnson (via fax 202-616-5200)



Annesley H. DeGaris
(205) 271-7104
(205) 324-7896 (fax)
adegaris@cwcd.com

February 08, 2008

**FACSIMILE: (202) 616-5200**

Conor Kells, Esquire
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, DC 20044

      RE:   *Allen v. United States*, Civil Action No.: 06-cv-879-WKW
             *Montgomery v. United States*, Civil Action No.: 06-cv-880-WKW

Dear Conor:

    I will certainly work with you on the deposition dates in regards to deposing Dr. Weaver. As you are aware, I allowed the medical exams to proceed without objection. However, I reserve all objections as I have told you on several occasions. With this being said, even though I agreed to let the defendant's medical exam go forward, I am still put in a situation where we are just over two weeks out from trial and you have yet to provide me with the x-rays.

    I also want to confirm our discussions regarding Dr. Campbell. Because his depositions are lengthy and difficult to present, Gail agreed that I could bring him live and I wanted to let you know that pending his availability that is my plan. Given this fact, do you still wish to finish your cross and if so, would you like to do this by telephone conference? My schedule is extremely busy in the next two weeks and my dates for being able to take Dr. Weaver's deposition and attend Dr. Campbell's deposition are limited. Please contact me at your convenience. I will contact Dr. Campbell regarding his availability.

                                 Yours sincerely,

                                 Annesley H. DeGaris

AHD/jws
cc:    Callen Sparrow (via fax 205-326-3332)
        Gail Johnson (via fax 202-616-5200)



Annesley H. DeGaris
(205) 271-7104
(205) 324-7896 (fax)
adegaris@cwcd.com

January 25, 2008

FACSIMILE: (202) 616-5200

Conor Kells, Esquire
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, DC 20044

    RE:    *Allen v. United States*, Civil Action No.: 06-cv-879-WKW
            *Montgomery v. United States*, Civil Action No.: 06-cv-880-WKW

Dear Conor:

    I received your witness and exhibit list which includes Dr. Weaver and yet another report he is apparently preparing. As of this date I have not received the new report. I am not waiving any objection I have to Dr. Weaver or his reports, especially in light of the fact that I have not been provided with the x-rays (which I requested weeks ago), a deposition date, or the new report. I again request that I be provided with access to the x-rays, a deposition date and this new report as soon as possible.

                          Yours sincerely,

                          Annesley H. DeGaris

AHD/jws
cc:    Callen Sparrow (via fax 205-326-3332)



Annesley H. DeGaris
(205) 271-7104
(205) 324-7896 (fax)
adegaris@cwcd.com

December 05, 2007

*Via Facsimile: (202) 616-5200*

Conor Kells, Esquire
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, DC 20044

   RE: *Allen v. United States*, Civil Action No.: 06-cv-879-WKW
      *Montgomery v. United States*, Civil Action No.: 06-cv-880-WKW

Dear Conor:

  As we had discussed, I have received a Court notice in another case regarding a hearing that I must attend and argue on December 13th in Sumter County, Alabama. Therefore, I may have to reschedule Dr. Campbell's depositions. I am contacting Dr. Campbell's office for another date and will call you and give you the new date and time, if necessary.

  The deposition of Dr. E. Lyle Cain will be in his office here in Birmingham beginning at 3:30 p.m. on December 12th.

  Mr. Allen will be available for an IME with Dr. Weaver on December 17th. However, by allowing this examination to go forward, I expressly reserve all rights to object to the credibility and admissibility of Dr. Weaver's opinions, as well as any other objections that might later be appropriate.

            Yours sincerely,

            Annesley H. DeGaris

AHD/jws
Enclosures
cc: Gail K. Johnson, Esquire (via fax 202-616-5200)
   J. Callen Sparrow, Esquire (via fax 205-326-3332)

2131 Magnolia Avenue · Birmingham, AL 35205 · 205-328-2200 · fax: 205-324-7896 · e-mail: cwcd@cwcd.com



Annesley H. DeGaris
(205) 271-7104
(205) 324-7896 (fax)
adegaris@cwcd.com

November 19, 2007

*Via U. S. Mail and Facsimile: (202) 616-5200*

Conor Kells, Esquire
U.S. Department of Justice
P.O. Box 888
Benjamin Franklin Station
Washington, DC 20044

    RE:   *Allen v. United States*, Civil Action No.: 06-cv-879-WKW
            *Montgomery v. United States*, Civil Action No.: 06-cv-880-WKW

Dear Conor:

    I am writing you regarding your request that my clients be examined by defendant's medical expert, Dr. Keith Weaver. I note during our face-to-face meeting that I made it clear that Dr. Weaver's credibility was an issue, and it was my understanding that we would not go forward based on this concern. As requested, I did previously send you the names of other medical providers who have a reputation for fairness in this area.

    I am now informed you are not considering Dr. Davis or Dr. Young and plan to go forward with Dr. Weaver. While this was not my understanding as to how we were to proceed, I will allow my clients to be examined by your expert. However, by allowing these examinations to go forward, I expressly reserve all rights to object to the credibility and admissibility of Dr. Weaver's opinions, as well as any other objections that might later be appropriate.

    With the above reservations, my clients will appear tomorrow for defendant's expert to examine.

                        Yours sincerely,

                        Annesley H. DeGaris
                        (ELECTRONICALLY SIGNED TO AVOID DELAY)

AHD/jws
cc:   Gail K. Johnson, Esquire (via fax 202-616-5200)
       J. Callen Sparrow, Esquire (via fax 205-326-3332)