THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL ALLEN, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 2:06-cv-879-WKW |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| WALLACE MONTGOMERY, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 2:06-cv-880-WKW |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT UNITED STATES' RESPONSE TO
PLAINTIFFS' JOINT MOTION TO HAVE LIABILITY
ADMITTED FOR THE PURPOSES OF TRIAL**

Comes now the Defendant, United States of America, to respond to the Plaintiffs' Joint Motion to Have Liability Admitted for the Purposes of Trial ("Joint Motion on Liability") filed on February 22, 2008. For the reasons given below, the Court should deny the motion.

**INTRODUCTION**

In the Joint Motion on Liability, Plaintiffs "move to have liability of the United States of America admitted for the purposes of trial." Joint Motion on Liability at 1. The gist of the motion is that the United States' "decision to pay State Farm [Insurance Company for the property damage and medical payments coverage for the Allen Plaintiffs] under the

circumstances is **an admission of liability** if not an **estoppel** to contest liability." Id. at 3, ¶ 8 (emphasis in original).[1] Based on the foregoing, Plaintiffs "submit that, in the interest of judicial economy, the Court proceed to hear and enter judgment on the damages issue alone." Id. at 5, ¶ 12.

Plaintiffs' motion should be denied for several reasons. While captioned as a "joint" motion, all of the evidence and arguments in support of the motion are directed to the Allen Plaintiffs. Any decision on this motion would, therefore, only affect those Plaintiffs. More important, however, Plaintiffs have simply misconstrued the nature and terms of the settlement between State Farm Insurance Company and the United States, which paid for the property damages and medical payments made by the former on behalf of its insureds, the Allen Plaintiffs.

## FACTUAL BACKGROUND

Before addressing the specific arguments of the Plaintiffs, it is important to provide the factual context for the Court. On July 19, 2004, Mr. Annesley H. DeGaris, counsel for the Allen Plaintiffs forwarded administrative claims on behalf of the Allens to the United States Department of Justice. See Exhibit A, Standard Forms 95 ("SF-95") Claim for Damage, Injury or Death dated July 8, 2004, for Michael P. Allen, Lou Ellen Allen, and Lorie Suzanne Allen. Notably, each claim form listed "2003 Lincoln Towncar - Totalled" under "Property Damage."

---

[1] Alternatively, Plaintiffs argue that the doctrines of *res judicata*, collateral estoppel, and /or judicial estoppel "operate to bar relitigation of liability as to the plaintiffs' case, even if the Court concludes the United States has not admitted liability by paying the insurance company's subrogation claim on the property damage or the separate and more persuasive med pay issue." Joint Motion on Liability at 5, ¶ 11. However, since Plaintiffs fail to explain the basis of this alternative argument, the United States will not address it here. If no liability was admitted by the United States, there certainly lies no basis upon which the Court to grant the Plaintiffs' motion which is premised on an admission of liability in some shape or form.

2

Exhibit A, SF-95 § 9. Each claimant also listed items under the section entitled "Personal Injury/Wrongful Death;" the items included, but are not limited to, head trauma, neck and back injury, shoulder injury, contusion hematoma, left and right shoulder injuries, fractured fibula, and multiple rib fractures. Id. § 10. In the section called "Amount of Claim *(in dollars),*" the three claimants limited their claims for money damages to their respective **personal injuries only** and none claimed money damages for the totalled vehicle. Id. § 12. Presumably, the claims limited the damages sought to personal injuries alone because on the back of each SF-95, each claimant noted that they carried accident insurance (including property damage) with State Farm and had submitted claims. Id. §§ 15-19. In fact, Mr. DeGaris was contacted in May 2005 by a State Farm claims representative, Temeka Holmes, and advised that State Farm had put the U.S. Department of Justice "on notice of our property damage and MPC [Medical Payments Coverage] sub[rogation] claims and [that it] intend[s] to seek recovery direct from them." See Exhibit A, Joint Motion on Liability. Clearly, Mr. DeGaris was aware as early as July 2004, when he submitted the Sf-95's on behalf of the Allens, that State Farm had a subrogation interest, and, by May 2005, knew of State Farm's intention to pursue those interests directly with the U.S. Department of Justice. Accordingly, any claims by Mr. DeGaris that he first became aware on February 21, 2008, that "State Farm had in fact filed 'an administrative claim' against the Government regarding the subrogation interest in the property damage and med pay benefits paid to the Allens" is disingenuous.[2]

---

[2] Moreover, discussions about subrogation claims by various insurance companies including Blue Cross/Blue Shield of Alabama as well as State Farm took place during the Pre-Trial Conference held in this matter on January 31, 2008, as well as between counsel on at least one other occasion (while in Birmingham for expert witness depositions). In fact, counsel responded to the latter conversation by getting letters concerning subrogation claims by insurance

3

On July 13, 2005, Megg Beverage, a representative of State Farm Insurance Company, accepted a settlement of its subrogation claims for property damages ($28,925) and medical payments ($7,722.26). See Exhibt C, Judgment Fund Voucher for Payment dated July 13, 2005. As part of the terms of the settlement, State Farm, through Ms. Beverage agreed to the following:

> Each claimant/plaintiff and his/her guardians, heirs, executors, administrators, and assigns agree to and do accept this settlement in full settlement and satisfaction and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including without limitation any claims for fees, costs, expenses, survival, or wrongful death, arising from any and all known or unknown, foreseen or unforeseen bodily injuries, personal injuries, death, or damage to property, which they may have or hereafter acquire against the United States of America, its agents, servants, or employees, on account of the subject matter of the administrative claim or suit, or that relate or pertain to or arise from, directly or indirectly, the subject matter of the administrative claim or suit. Each claimant/plaintiff and his/her guardians, heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States of America, its agents, servants, and employees, from and against any and all claims, demands, rights, causes of action of any kind, whether known or unknown, including without limitation claims for subrogation, indemnity, contribution, or lien of any kind, or for fees, costs, expenses, survival or wrongful death that relate or pertain to or arise from, directly or indirectly, any act or omission that relates to the subject matter of the administrative claim or suit.

Id

/ /

/ /

/ /

---

companies as exhibits at trial. See, Amended Exhibit List for Trial (which will be produced to Court on February 25, 2008), Exhibits 33, 63, 64, and 65.

## ARGUMENT

### The United States Never Conceded or Admitted Liability When It Settled The Subrogation Claims of State Farm

A plain reading of the settlement terms demonstrates that the United States never conceded or admitted liability. Plaintiffs' argument premised on the statement that "the federal agency adjudicating the claims will usually approach them with uniformity, that is, it is unlikely that the agency will **concede liability with respect to one claimant and deny it as to another when the circumstances as to liability are identical**" is, therefore, misplaced. Joint Motion on Liability at 3, ¶ 7 (emphasis added). Moreover, State Farm settled the property and medical payment damages claims as "a/s/o of Michael P. Allen" and thus exercised its subrogation rights as an insurer. Technically, State Farm "stood in the shoes" of Mr. Allen (and the other Allen Plaintiffs) for the limited purpose of settling the subrogation claims for the property and medical payment damages. This is allowed under the federal regulations that govern the Federal Tort Claims Act. Section 14.3 of the Code of Federal Regulations describes the four types of claimants who may file a claim under the Federal Tort Claims Act, as well as the type of claim; they include -

> (a) A claim for injury to or loss of property may be presented by the owner of the property, his duly authorized agent or legal representative.
>
> (b) A claim for personal injury may be presented by the injured person, his duly authorized agent, or legal representative.
>
> (c) A claim based on death may be presented by the executor or administrator of the decedent's estate, or by any other person legally entitled to assert such a claim in accordance with applicable State law.

>   (d) A claim for loss wholly compensated by an insurer with the rights of a subrogee may be presented by the insurer. A claim for loss partially compensated by an insurer with the rights of a subrogee may be presented by the parties individually as their respective interests appear, or jointly.

5 C.F.R. § 14.3(a-d).

Here, during the administrative claims stage, State Farm and the Allens pursued their respective claims separately, as noted in the May 2005 letter from State Farm to Plaintiff Allens' counsel, and as evidenced by the SF-95 forms presented by the Allens' counsel in July 2004. In fact, each party submitted its own claims to the United States for different types of damages (the Allens for personal injuries only and State Farm for property and medical claims damages) and amounts (State Farm for $36,647.26 and the Allens for $850,00 (Michael), $750,000 (Lou Ellen), and $500,000 (Lorie Suzanne). Exhibit A, SF-95's, §§ 9,10, 12, & 15. However, at no time did State Farm "stand in the shoes" of the Allens for the settlement of any other claims or dispute. Anomalously, if Plaintiffs' argument regarding the "equal status" of State Farm and the Allen Plaintiffs is carried to its logical conclusion, State Farm compromised the Allen Plaintiffs' claims for personal injuries against the United States when it settled its property claims in 2005. Taken literally, as Plaintiffs' argument now suggests, the terms of the agreement, which are all inclusive of any and all claims arising out of the accident, bar the Allens' claims and the Court should enter judgment against the Allen Plaintiffs based on the legal principles of *res judicata*, collateral or judicial estoppel. See Exhibit C, Judgement Fund Voucher. Surely, this is not the result intended by Plaintiffs' counsel.

/ /

/ /

## CONCLUSION

For the foregoing reasons, Plaintiffs' Joint Motion on Liability should be denied.

Respectfully submitted this 23rd day of February, 2008.

                              JEFFREY S. BUCHOLTZ
                              Acting Assistant Attorney General
                              Civil Division

                              PHYLLIS J. PYLES
                              Director, Torts Branch
                              Civil Division

                              GAIL K. JOHNSON
                              Senior Trial Counsel, Torts Branch
                              Civil Division


                              /s/ Conor Kells
                              CONOR KELLS
                              Trial Attorney
                              United States Department of Justice
                              Torts Branch, Civil Division
                              Post Office Box 888
                              Benjamin Franklin Station
                              Washington, DC  20044
                              Tel: (202) 616-4400
                              Fax: (202) 616-5200
                              Attorneys for Defendant United States

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date served a copy of the foregoing upon counsel for Plaintiffs by electronic filing, CM/ECF:

>Annesley H. DeGaris
>Attorney for the Allen Plaintiffs
>Cory, Watson, Crowder & DeGaris, P.C.
>2131 Magnolia Avenue, Suite 200
>Birmingham, Alabama 35205
>
>J. Callen Sparrow
>Attorney for the Montgomery Plaintiffs
>Heninger Garrison Davis, L.L.C.
>P.O. Box 11310 (35202)
>2224 1st Avenue North
>Birmingham, Alabama 35203

Dated this 23rd day of February, 2008.

>/s/ Conor Kells
>Trial Attorney, Torts Branch
>Civil Division

# Exhibit A

# CORY WATSON
CORY WATSON CROWDER & DEGARIS, P.C.
ATTORNEYS AT LAW

Annesley H. DeGaris
(205) 271-7104
(205) 324-7896 (fax)
adegaris@cwcd.com

2004 JUL 27 A 11:52

July 19, 2004

U.S. Dept. Justice - Civil Torts
1331 Pennsylvania Avenue N.W.
Washington, DC  20530

RE: FTCA Claim of:
23-0200 – Michael P. Allen
23-0201 – Lou Ellen Allen
23-0202 – Lorie Suzanne Allen

To Whom It May Concern:

Please find enclosed the original and one copy of SF95 Form - Claim for Damage, Injury, or Death on behalf of my clients, Michael P. Allen, Lou Ellen Allen and Lorie Suzanne Allen, with regard to injuries each sustained as a result of an automobile accident on August 29, 2003 with a Government employee, Bertha Gordon Moore. Please contact me regarding this matter.

Yours sincerely,

Annesley H. DeGaris

AHD/jws
Enclosures

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|
| 1. Submit To Appropriate Federal Agency:<br>U.S. Department of Justice<br>Civil Torts Branch<br>1331 Pennsylvania Avenue, N.W.<br>Washington, DC 20530 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)<br>Michael P. Allen<br>4900 Cedar Lane<br>Pell City, AL 35128<br>Annesley H. DeGaris  (205) 328-2200 | |

| 3. TYPE OF EMPLOYMENT<br>MILITARY (CIVILIAN) | 4. DATE OF BIRTH<br>3/26/48 | 5. MARITAL STATUS<br>M | 6. DATE AND DAY OF ACCIDENT<br>8/29/03  Friday | 7. TIME (A.M. OR P.M)<br>2:25 P.M. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

Claimant was injured in automobile accident on 8/29/03 when driver, Bertha Gordon Moore, crossed median and went airborne and struck claimant's vehicle head on thereafter striking third vehicle. See accident report attached.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)
Same

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side)

2003 Lincoln Towncar totaled

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

Left shoulder, right shoulder, chest injuries, fractured fibula, head trauma, sternal and chrondrosternal sprain, post concussion syndrome, multiple cuts and bruises. The above resulting in surgery.

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Wally and Phyllis Montgomery | 5005 WiH Ginger CR, Norcross, GA 30092 |

12. (See instructions on reverse)       AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| Vehicle Totalled | $850,000.00 | N/A | $850,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>*[signature]* | 13b. Phone number of signatory<br>(205) 338-1803 | 14. DATE OF CLAIM<br>July 8, 04 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM<br>The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS<br>Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States.  (See 18 U.S.C.A. 287.) |
|---|---|

95-108                                        NSN 7540-00-634-4046                                        STANDARD FORM 95 (Rev. 7-85)
Previous editions not usable                                                                              PRESCRIBED BY DEPT. OF JUSTICE
                                                                                                          28 CFR 14.2

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority*: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose*: The information requested is to be used in evaluating claims.
C. *Routine Use*: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond*: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

### INSTRUCTIONS

**Complete all items – Insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
  (a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

  (b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

  (c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

  (d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim And may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

### INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

| 15. Do you carry accident insurance? Yes, if yes give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number. No 0686638-01 |
|---|
| Yes.  State Farm Insurance Company<br>1825 Day Street<br>Oxford, AL 36203   (256) 835-5876 |

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| Yes | |

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts*)

Medical Payments Coverage Paid
Underinsured Motorist Claim Pending

19. Do you carry public liability and property damage insurance?   Yes, If yes, give name and address of insurance carrier (*Number, street, city, State, and Zip Code*)   No

State Farm

SF 95 (Rev. 7-85) BACK

* U.S. GOVERNMENT PRINTING OFFICE: 1989–241-175

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| U.S. Department of Justice<br>Civil Torts Branch<br>1331 Pennsylvania Avenue, NW<br>Washington, DC 20530 | Lou Ellen Allen<br>4900 Cedar Lane<br>Pell City, AL 35128<br>Annesley H. DeGaris, Esq. (205) 328-2200 |

| 3. TYPE OF EMPLOYMENT<br>MILITARY / CIVILIAN | 4. DATE OF BIRTH<br>7/30/54 | 5. MARITAL STATUS<br>M | 6. DATE AND DAY OF ACCIDENT<br>8/29/03 - Friday | 7. TIME (A.M. OR P.M)<br>2:25 P.M. |
|---|---|---|---|---|

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

Claimant was a passenger in vehicle being driven by husband, Michael P. Allen. Adverse driver, Bertha Gordon Moore, left road / highway, crossed median and struck claimant's vehicle head on and thereafter hit a third vehicle being driven by Phyllis Montgomery.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*
Michael P. Allen - Vehicle Totalled

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side)*
2003 Lincoln Towncar - totalled

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

Multiple rib fractures (7), chest injuries, head trauma, multiple contusions and abrasions, and low back pain

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS *(Number, street, city, State and Zip Code)* |
| Wally and Phyllis Montgomery | 5005 Will Ginger Circle, Norcross, GA 30092 |

| 12. *(See instructions on reverse)* | AMOUNT OF CLAIM *(in dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE<br>N/A | 12b. PERSONAL INJURY<br>$750,000.00 | 12c. WRONGFUL DEATH<br>N/A | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)*<br>$750,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* *[signature: Lou Ellen Allen]* | 13b. Phone number of signatory<br>(205) 338-1803 | 14. DATE OF CLAIM<br>July 3, 2004 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. *(See 18 U.S.C.A. 287.)* |

95-108
Previous editions not usable

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

### INSTRUCTIONS

**Complete all items – Insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT, THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim And may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch  
Civil Division  
U.S. Department of Justice  
Washington, DC 20530  

and to the  
Office of Management and Budget  
Paperwork Reduction Project (1105-0008)  
Washington, DC 20503

### INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? Yes, if yes give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number.   No   0686638-01

State Farm Insurance Company  
1825 Day Street  
Oxford, AL 36203        (256) 835-5876

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

Yes

17. If deductible, state amount

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts*)

Medical Payments Coverage - Paid  
Underinsured Motorist Coverage - Pending

19. Do you carry public liability and property damage insurance? Yes, If yes, give name and address of insurance carrier (*Number, street, city, State, and Zip Code*)   No

Yes, State Farm

SF 95 (Rev. 7-85) BACK

* U.S. GOVERNMENT PRINTING OFFICE: 1989-241-175

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|
| 1. Submit To Appropriate Federal Agency:<br>U. S. Department of Justice<br>Civil Torts Branch<br>1331 Pennsylvania Avenue NW<br>Washington, DC 20530 |  | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)<br>Lorie Suzanne Allen<br>4900 Cedar Lane<br>Pell City, AL 35128<br>Annesley H. DeGaris, Esq. (205) 328-2200 |

| 3. TYPE OF EMPLOYMENT<br>MILITARY (CIVILIAN) | 4. DATE OF BIRTH<br>4/26/82 | 5. MARITAL STATUS<br>S | 6. DATE AND DAY OF ACCIDENT<br>8/29/03 - Friday | 7. TIME (A.M. OR P.M)<br>2:25 P.M. |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

Claimant (passenger) was injured in head on collision when driver, Bertha Gordon Moore, left roadway/highway, crossed median, went airborne and struck claimant's vehicle. Thereafter, struck third vehicle. See accident report attached.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

Michael P. Allen, father, 4900 Cedar Lane, Pell City, Alabama 35128

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side)

2003 Lincoln Towncar - Totalled.

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

Head trauma, neck and back injury, shoulder injury, contusion hematoma, abdominal wall and both knees

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Wallace and Phyllis Montgomery | 5005 WiH Ginger CR, Norcross, GA 30092 |

12. (See instructions on reverse)  AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| N/A | $500,000.00 | N/A | $500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>Lorie Suzanne Allen | 13b. Phone number of signatory<br>(205) 338-1803 | 14. DATE OF CLAIM<br>July 8, 2004 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUBULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.) |

95-108                                 NSN 7540-00-634-4046                            STANDARD FORM 95 (Rev. 7-85)
Previous editions not usable                                                           PRESCRIBED BY DEPT. OF JUSTICE
                                                                                       28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority.* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose.* The information requested is to be used in evaluating claims.

C. *Routine Use.* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

**Complete all items – Insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim And may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? Yes, if yes give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number. No

State Farm
1825 Day Street
Oxford, AL 36203

Michael P. Allen - 0686638-01

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

Father, Michael P. Allen
State Farm

17. If deductible, state amount

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts*)

Medical Payments Coverage - Paid
Underinsured Motorist Coverage - Pending

19. Do you carry public liability and property damage insurance? Yes, If yes, give name and address of insurance carrier (*Number, street, city, State, and Zip Code*) No

Yes. Same as above.

SF 95 (Rev. 7-85) BACK

* U.S. GOVERNMENT PRINTING OFFICE: 1989—241-175