**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **MICHAEL P. ALLEN, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Case No. 2:06-cv-879-WKW** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |

| | |
|---|---|
| **WALLACE MONTGOMERY, et al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| V. ) | **Case No. 2:06-cv-880-WKW** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |

**PLAINTIFFS' RESPONSE TO THE UNITED STATES' REPLY TO THEIR JOINT
MOTION TO HAVE LIABILITY ADMITTED AT TRIAL**

To the extent that the United States seriously contends that the settlement of the subrogation claim asserted by the Allens' insurer also constituted settlement of the Allens' underlying tort claims, the United States is wrong as a matter of law, for the following reasons:

1. First, the Supreme Court says the United States is wrong. Over half a century ago, in U.S. v. Aetna Casualty & Surety Co., 338 U.S. 366 (1949), the Court addressed the precise question of the extent to which subrogated claims were compensable under the Federal Tort Claims Act (the "FTCA"). After holding that subrogated claims were compensable, see id. at 380, the Court went on to address the practicalities of the presentation of subrogated claims

under the FTCA, including claims of partial subrogation: "In cases of partial subrogation the question arises whether suit may be brought by the insurer alone, whether suit must be brought in the name of the insured for his own use and for the use of the insurance company, or whether all parties in interest must join in the action." Id. at 381.  Rejecting the common-law rule that required that actions be brought "in the name of the insured to the insurer's use," id., the Court held instead that: "No reason appears why such a practice should now be required in cases of partial subrogation, since both insured and insurer 'own' portions of the substantive right and should appear in the litigation in their own names." Id.  In short, the Supreme Court has explicitly recognized that the claims of the subrogor and subrogee are "separate" under the FTCA, representing the ownership of discrete portions of a substantive right to compensation arising from torts committed by the United States.

2. Second, this rule has also been recognized by the United States in 28 C.F.R. § 14.3(d), which provides for the separate treatment of such claims with respect to the administrative procedures under the FTCA: "A claim for loss wholly compensated by an insurer with the rights of a subrogee may be presented by the insurer.  A claim for loss partially compensated by an insurer with the rights of a subrogee may be presented by the parties individually as their respective interests appear, or jointly." Id.  Here, those rights were presented "individually," with the Allens making their own claims under the FTCA, and the insurer presenting its separate claim for subrogation, a claim the United States decided to settle.

3. Accordingly, as a matter of simple logic, the United States' settlement of the insurer's subrogation claim cannot constitute settlement of the Allens' claims by implication or otherwise; the claims are treated, legally and administratively, as separate claims arising out of a single tort, or, as the Supreme Court noted, the subrogor and the subrogee each "'own' portions

2

of the substantive right." As such, the insurer's decision here to release the claims for its "portion" cannot also be said to have released the claims for the Allens' separate "portion," especially where the Allens did not sign the settlement agreement, did not authorize the insurance company to act on their behalf, and, indeed, only learned of that claim's settlement virtually on the eve of trial.

4.      Third, research to date has disclosed no case suggesting a contrary proposition; indeed, no case has been found in which the United States has even bothered to contend that settlement of a subrogee's claims also settled an otherwise properly presented claim by the subrogor. Instead, the cases recognize the independent nature of the claims for purposes of their presentation and settlement under the FTCA.  Thus, where an insurer makes a claim for subrogation under the FTCA but the insured fails to do so, the courts have refused to regard the presentation of the separate subrogation claim as also presenting the insured's underlying claim so as to relieve the insured of having to comply with the FTCA's administrative claims presentation procedures prior to filing suit. See, e.g., Ahmed v. U.S., 30 F.3d 514 (4th Cir. 1994)(administrative claim made by and settled with State Farm as subrogee for property damage arising out of automobile accident involving employee of the Navy was not sufficient to present subrogors' claim for damages for personal injuries arising from the accident).

5.      In short, it is a settled proposition that "[s]ubrogated claims are regarded as separate claims and may be asserted separately to the agency involved," 3 L. Jayson & R. Longstreth, Handling Federal Tort Claims § 17.05[2], at 17-38 (2007), and it would defy logic and justice to conclude that the subrogee somehow has the power to unilaterally settle that "portion" of the claims "owned" by the plaintiffs in the underlying tort suit.

6.	Importantly, however, the fact that the claims are "separate" for purposes of presentation and settlement under the FTCA does not change the fact that they also should be treated consistently by the United States, given the fact that "both insured and insurer 'own' portions of the substantive right," Aetna Casualty, 338 U.S. at 381, which right ultimately arises out of an underlying tort committed by the United States.  Thus, while "an insured's claim is separate from that of his subrogated insurance carrier to the extent that he has not been compensated by his insurer," 3 L. Jayson & R. Longstreth, supra § 17.05[3], at 17-40 through 40.1, the United States nevertheless "will usually approach them with uniformity, that is, it is unlikely that the agency will concede liability with respect to one claimant and deny it as to another when the circumstances as to liability are identical." Id. § 17.05[3], at 40.1.

7.	As the plaintiffs' motion to have liability admitted for purposes of trial demonstrates, it is simply unfair--if not unconstitutional--for the United States to pay the insurer (whether or not liability is "formally" admitted) for its subrogation interest while at the same time contesting liability as to the insureds, who are, again, "similarly-situated" with respect to the insurer, even though their claims are "separate" for all the reasons noted above. Indeed, the United States does not even address the constitutional concerns raised by the plaintiffs' motion in its reply, which begs the question of whether the United States has any response to this important issue.

8.	Accordingly, for the reasons set forth in their initial motion, the plaintiffs submit that the payment of the subrogation claim should be regarded as an admission of liability in this case and that trial should therefore proceed on the question of damages.  Should the Court conclude that trial as to underlying liability is still required, the plaintiffs alternatively submit that the Court consider the prior payment of the subrogation interest as substantive evidence of

liability and weigh its probative value along with the other evidence of liability that the plaintiffs will present at trial.

        Respectfully submitted,

        /s/ Annesley H. DeGaris
        Annesley H. DeGaris (ASB-9182-A63A)
        CORY, WATSON, CROWDER & DEGARIS, P.C.
        2131 Magnolia Avenue, Suite 200
        Birmingham, Alabama 35205
        Telephone:  205-328-2200
        Facsimile:  205-324-7896
        adegaris@cwcd.com

        Attorney for the Allen Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of February, 2008, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties:

Conor Kells, Esquire
Gail K. Johnson, Esquire
Torts Branch, Civil Division
U.S. Department of Justice
Benjamin Franklin Station
Post Office Box 888
Washington, DC 20044

Attorney for Defendant, United States of America

J. Callen Sparrow, Esquire
Heninger Garrison Davis, LLC
Post Office Box 11310
Birmingham, AL 35202

Attorney for the Montgomery Plaintiffs

        /s/ Annesley H. DeGaris
        Annesley H. DeGaris